1  Paul E. Burns (Bar No. 18259)
   PROCOPIO, CORY, HARGREAVES &
2      SAVITCH LLP
   8355 E. Hartford Dr., Suite 202
3  Scottsdale, Arizona 85255-2548
   Telephone:   480.388.3357
4  Facsimile:    480.388.3358
   *paul.burns@procopio.com*
5
   Ryan C. Caplan (Bar No. 26210)
6  PROCOPIO, CORY, HARGREAVES &
       SAVITCH LLP
7  525 B Street, Suite 2200
   San Diego, California  92101
8  Telephone:   619.238.1900
   Facsimile:    619.235.0398
9  *ryan.caplan@procopio.com*

10 Attorneys for Plaintiff,
   First Service Networks, Inc.
11

12              UNITED STATES DISTRICT COURT

13             FOR THE DISTRICT OF ARIZONA

14 First Service Networks, Inc.,              Case No.: _____

15                   Plaintiff,               **COMPLAINT**

16 v.

17 First Service Maintenance Group Inc.,

18                   Defendant.

19

20        Plaintiff First Service Networks, Inc., ("Plaintiff" or "First Service"), by its

21 undersigned attorneys for its causes of action against Defendant First Service

22 Maintenance Group Inc. ("Defendant"), alleges as follows:

23                    <u>**JURISDICTION AND VENUE**</u>

24        1.    This is an action arising under Sections 32 and 43 of the Trademark Act of

25 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §§ 1114, 1125, and

26 under the laws of the State of Arizona, for trademark infringement, unfair competition,

27 domain name infringement and unjust enrichment.  Plaintiff seeks injunctive relief and

28 monetary damages.

2.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. sections 1121 and 1125, as well as 28 U.S.C. sections 1331, 1332, 1338, and 1367 because it involves substantial claims arising under the Lanham Act (15 U.S.C. § 1051 et seq.).

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391.

4.     Upon information and belief, the acts of Defendant, of which complaint is herein made, have been and continue to be committed by Defendant in interstate commerce.

5.     Upon information and belief, Defendant has done business in and has carried on a continuous and systematic part of its general business within the State of Arizona, has purposefully availed itself to the jurisdiction of Arizona by conducting business within Arizona, and is subject to the jurisdiction of this Court.

## PARTIES

6.     Plaintiff, First Service Networks, Inc., is a company organized under the laws of the State of Maryland, and having a principal place of business at 12002 East Shea Blvd., Ste. 2, Scottsdale, Arizona 85259.

7.     Upon information and belief, Defendant, First Service Maintenance Group Inc., is a corporation organized under the laws of the State of New York, having a principal place of business at 845 Third Ave., 6th Fl., New York, New York 10022, and doing business within this district.

## OPERATIVE FACTS

8.     Plaintiff, at all times mentioned herein and for many years, has been, and is now, in the business of managing maintenance and repairs for multi-site businesses and facilities, including, without limitation, scheduled maintenance, preventative maintenance, emergency repairs, remodeling projects, and capital projects.

9.     Plaintiff's services are sold and otherwise provided in interstate commerce in the United States.

10.    Since at least as early as April 2001, Plaintiff has been using its trademark, FIRST SERVICE NETWORKS, for its rendering of services relating to the business of managing maintenance and repairs for multi-site businesses and facilities.

11.    As a result of Plaintiff's long use of its trademark FIRST SERVICES NETWORK, and owing to its established reputation for its services, Plaintiff has gained an extremely large and loyal following of customers, including major U.S. and international businesses with locations in all 50 states.

12.    Plaintiff is the owner of the following U.S. trademark registrations that include the "First Service" name (collectively the "FIRST SERVICE NETWORKS marks").

| Exhibit Number | Trademark | Registration Number | Goods/Services |
|---|---|---|---|
| A | FIRST SERVICE NETWORKS | 2,737,643 | (Int. Cl. 35) Technical facilities management services. |
| B | FIRST SERVICE NETWORKS & DESIGN  First Service Networks | 2,942,344 | (Int. Cl. 35) Technical facilities management services. |

13.    Plaintiff owns all right, title, and interest in and to federal Registration No. 2,737,643 for the trademark FIRST SERVICE NETWORKS, issued on the Principal Register of the United States Patent and Trademark Office on July 15, 2003 for the services identified in the preceding table.  A copy of this registration is attached hereto as Exhibit A.   The aforementioned registration is valid, subsisting, uncancelled, and unrevoked.   By virtue of Plaintiff's continuous use of the mark that is the subject of Registration No. 2,737,643, such mark has become incontestable pursuant to 15 U.S.C. section 1065.

14.    Plaintiff owns all right, title, and interest in and to federal Registration No. 2,942,344 for the trademark FIRST SERVICE NETWORKS & Design, issued on the

118944/000001/1399871.02

Principal Register of the United States Patent and Trademark Office on April 19, 2005 for the services identified in the preceding table.  A copy of this registration is attached hereto as Exhibit B.  The aforementioned registration is valid, subsisting, uncancelled, and unrevoked.  By virtue of Plaintiff's continuous use of the mark that is the subject of Registration No. 2,942,344, such mark has become incontestable pursuant to 15 U.S.C. section 1065.

15.     Since at least as early as April 2001, prior to Defendant's actions complained of herein, Plaintiff has extensively advertised, promoted, and rendered its services throughout the United States, including Arizona, under Plaintiff's FIRST SERVICE NETWORKS marks.

16.     As a result of Plaintiff's aforementioned sales, advertising, and promotion, and the high quality of its services, Plaintiff's FIRST SERVICE NETWORKS marks have become well-known throughout the United States, including in the State of Arizona, and said FIRST SERVICE NETWORKS marks have come to signify a significant part of Plaintiff's business; Plaintiff now owns a valuable goodwill, which is symbolized by and embodied in FIRST SERVICE NETWORKS marks.

17.     Defendant holds itself out as an "industry leader in facilities maintenance... [w]ith a strong base of in-house technicians and local sub-contractors around the country."  *See* Exhibit C (a screen capture of a page from Defendant's website at http://www.1stmg.com/company.html, accessed Sept. 19, 2011).  Defendant advertises that it offers these services nationwide in interstate commerce.  According to Defendant's website, Defendant has "Nationwide Coverage … in the Continental US Lower 48 States…."  *See* Exhibit D (a screen capture of a page from Defendant's website at http://1stmg.com/nationwide_coverage.html, accessed Sept. 19, 2011).

18.     On information and belief, Defendant's services were launched no earlier than January 2009.  *See* Exhibit E (Corporate Registration for First Service Maintenance Group Inc).  Further, WhoIs records indicate that Defendant did not register its web domain, www.1stmg.com, until November 8, 2010.  *See* Exhibit F (a screen capture of

http://who.securepaynet.net/whois.aspx?domain=1stmg.com&prog_id=domains, accessed Sept. 19, 2011).

19.   On Defendant's website at www.1stmg.com and in other marketing materials, Defendant uses marks prominently incorporating the words "First Service, " "1st Service," "1st Service Maintenance," and "First Services Maintenance Inc. to market Defendant's services; Defendant also uses the below stylized mark on its marketing materials:



(collectively the "First Service marks").   *See, e.g.,* http://www.1stmg.com.   While Defendant is incorporated as "First Service Maintenance Group Inc.," Defendant routinely refers to itself in marketing materials with the abbreviated "First Service" and "1st Service" monikers. *See, e.g*., Exhibits C and D.

20.   On information and belief, Defendant knew of Plaintiff when it adopted and used its "First Service" marks, and when Defendant first registered its domain name, www.1stmg.com.

21.   Defendant's "First Service" and "First Service Maintenance Group Inc." and "First Service Maintenance Inc." marks and trade names are confusingly similar in sound, appearance, and connotation to Plaintiff's FIRST SERVICE NETWORKS marks. This is especially true given that Defendant uses its "First Service" and "First Service Maintenance Group Inc." and "First Service Maintenance" marks and trade names in connection with the same field of services as Plaintiff uses with its FIRST SERVICE NETWORKS marks, namely, providing facilities maintenance services.

22.   By trading upon the goodwill of Plaintiff's FIRST SERVICE NETWORKS marks, and by using the domain name www.1stmg.com, coupled with marks including the

"First Service" name for facilities maintenance services, Defendant's services have obtained a salability and/or obtained a profitability they would not have otherwise had.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

23.    The allegations of paragraphs 1 through 22 above are incorporated herein by reference as though fully set forth herein.

24.    This is a cause of action for federal trademark infringement arising under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

25.    Plaintiff's federally registered marks referenced in paragraph 12 hereof and shown in Exhibits A and B hereto (*i.e.* the FIRST SERVICE NETWORKS marks), are valid, subsisting, uncancelled, and unrevoked.

26.    Plaintiff has continuously used the FIRST SERVICE NETWORKS on and in connection with its services of managing maintenance and repairs for multi-site businesses and facilities, including, without limitation, scheduled maintenance, preventative maintenance, emergency repairs, remodeling projects, and capital projects. Plaintiff has promoted in interstate commerce its federally registered marks since the date indicated on the face of the registration.  Plaintiff's continuous use and promotion of its federally registered marks in interstate commerce have been prior to the acts of Defendant complained of herein.

27.    Defendant has used and is using its "First Service" design and word marks, and its "First Service Maintenance Group Inc." and "First Service Maintenance, Inc." trade names, on or in connection with the rendering of facilities maintenance services, which marks and trade names are confusingly similar to Plaintiff's federally registered marks, without Plaintiff's permission.  Defendant's use of these marks and trade names, without Plaintiff's permission, constitutes an infringement of Plaintiff's federally registered marks (Exhibits A and B).

28.     Defendant's advertising, promotion, and sale of products and services using marks confusingly similar to Plaintiff's federally registered marks (Exhibits A-B) is certain to cause confusion in the marketplace.

29.     Upon information and belief, Defendant's acts were and are intended, and are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of the products and/or services marketed by Defendant using marks and trade names that are confusingly similar to Plaintiff's federally registered marks (Exhibits A and B), in that customers or others are likely to mistakenly believe that Defendant's services are rendered by or under the sponsorship of or in affiliation with Plaintiff.

30.     Defendant's services are rendered through the same channels of trade (*e.g.*, the Internet, trade shows, word of mouth, etc.) to the same types of end customers (*e.g.*, facilities operators) as those rendered by the Plaintiff.

31.     Plaintiff has no control over Defendant's services that feature confusingly similar imitations of Plaintiff's federally registered marks (Exhibits A and B), with the result that Plaintiff's valuable goodwill with respect to its marks is irreparably damaged by Defendant's acts complained of herein.

32.     On information and belief, Defendant will continue to infringe the rights secured to Plaintiff by Plaintiff's federal trademark registrations (Exhibits A and B) unless restrained by this Court.

33.     As a result of said trademark infringement by Defendant, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT II

## STATE TRADEMARK INFRINGEMENT CLAIM

34.     The allegations of paragraphs 1 through 33 are incorporated herein by reference as though fully set forth herein.

118944/000001/1399871.02

35.     The cause of action arises under the statutory and common law of the State of Arizona.

36.     Defendant's aforementioned conduct, in adopting and using marks that are confusingly similar to Plaintiff's FIRST SERVICE NETWORKS marks, has infringed and is infringing upon Plaintiff's rights in its marks.

37.     Defendant's aforementioned conduct constitutes common law trademark infringement and trademark infringement under Arizona Rev. Stat. section 44-1451.

38.     As a result of said infringement, Plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury, for which it has no remedy at law.

**COUNT III**

**FEDERAL UNFAIR COMPETITION**

39.     The allegations of paragraphs 1 through 38 are incorporated herein by reference as though fully set forth therein.

40.     This cause of action for unfair competition arises under Section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

41.     Defendant's "First Service" word and design marks are confusingly similar in sound, appearance, and connotation to Plaintiff's FIRST SERVICE NETWORKS marks.  Plaintiff's and Defendant's respective services are also similar in that they both involve management of maintenance and repairs for businesses and facilities.

42.     Defendant's actions were and are intended, and are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Defendant's services, in that purchasers or others are possibly and likely to believe that Defendant's services are associated with Plaintiff's services, or that Defendant's services are legitimately connected with or related to Plaintiff.

43.     In light of the similarity of Defendant's and Plaintiff's services, Defendant's use of its "First Service" design and word marks, and its use of the www.1stmg.com domain therewith, is confusingly similar to Plaintiff's FIRST SERVICE NETWORKS

marks. Defendant's use of its "First Service" marks in connection with the management of maintenance and repairs for businesses and other facilities is likely to cause confusion, or to cause mistake or to deceive members of the public and trade, and infringe upon the rights secured by Plaintiff for Plaintiff's FIRST SERVICE NETWORKS marks.

44.     Plaintiff has no control over the quality of services rendered, promoted, advertised, or sold by Defendant, with the result that Plaintiff's valuable goodwill with respect to Plaintiff's FIRST SERVICE NETWORKS marks is irreparably injured by Defendant's acts complained of herein.

45.     Defendant's aforesaid actions constitute unfair competition in violation of 15 U.S.C. section 1125(a).

46.     As a result of said unfair competition, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

**COUNT IV**

**STATE UNFAIR COMPETITION CLAIM**

47.     The allegations of paragraphs 1 through 46 are incorporated herein by reference as though fully set forth herein.

48.     This cause of action arises under the common law of the State of Arizona.

49.     By the acts and activities complained of herein, Defendant is in a position to pass off its services as services produced by, under license from, or with the approval of Plaintiff.

50.     Defendant's aforementioned conduct constitutes unfair competition.

51.     By means and as a result of said unfair competition, Plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury for which it has no adequate remedy at law.

**COUNT V**

**UNJUST ENRICHMENT**

52.     The allegations of paragraphs 1 through 51 are incorporated herein by reference as though fully set forth herein.

9

1    53.    The cause of action arises under the common law.

2    54.    By the acts and activities complained of herein, Defendant has been unjustly

3    enriched.

4    **COUNT VI**

5    **ANTICYBERSQUATTING**

6    55.    The allegations of paragraphs 1 through 54 are incorporated herein by

7    reference as though fully set forth herein.

8    56.    This cause of action arises under the Anticybersquatting Consumer

9    Protection Act, 15 U.S.C. section 1125(d).

10    57.    Plaintiff's FIRST SERVICE NETWORKS marks and its domain name,

11    www.firstservicenetworks.com, are distinctive when used in connection with facilities

12    maintenance services.

13    58.    Upon information and belief, Defendant has registered a domain name,

14    www.1stmg.com, which is confusingly similar to Plaintiff's FIRST SERVICE

15    NETWORKS marks, particularly when combined with Defendant's prominent use of

16    marks that include "First Service" in connection with the management of maintenance

17    and repairs for businesses and other facilities.

18    59.    Upon information and belief, Defendant chose to use the domain name,

19    www.1stmg.com, even though Defendant was aware of First Service Networks, the

20    FIRST SERVICE NETWORKS marks, and the www.firstservicenetworks.com domain.

21    60.    By the acts and activities complained of herein, Defendant has a bad faith

22    intent to profit from its registration of the domain, www.1stmg.com.

23    61.    By the acts and activities complained of herein, Defendant has an intent to

24    divert consumers from the Plaintiff's online location to a site accessible under a domain

25    name that could harm the enormous goodwill represented by Plaintiff's FIRST SERVICE

26    NETWORKS marks, either for commercial gain or with the intent to tarnish or disparage

27    or dilute Plaintiff's marks, by creating a likelihood of confusion as to the source,

28    sponsorship, affiliation, or endorsement of the site.

62.     By the acts and activities complained of herein, Defendant has committed acts in violation of 15 U.S.C. section 1125(d).

63.     Plaintiff has suffered serious and substantial injury as a result of such acts and has suffered and is continuing to suffer irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.     That Defendant, its partners, agents, representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, be enjoined preliminarily during the pendency of this action and thereafter permanently by Order of this Court from doing, abiding, causing, or abetting any of the following:

a.     directly or indirectly infringing Plaintiff's FIRST SERVICE NETWORKS marks;

b.     passing off, inducing, or enabling others to sell or pass off any products or services as or for products or services rendered by Plaintiff that are not Plaintiff's, or are not rendered by or under the control, supervision, or approval of Plaintiff;

c.     directly or indirectly engaging in any acts or activities calculated to trade upon and/or tarnish Plaintiff's FIRST SERVICE NETWORKS marks or the reputation or goodwill of Plaintiff, or in any manner to compete with Plaintiff unfairly;

d.     using in the sale, offering for sale, promotion, advertising, marketing and/or distribution of its products or services the domain name www.1stmg, or any mark, trade name, or domain name that includes the combined words FIRST and SERVICE, or any mark, trade name or domain name that simulates, imitates, or is confusingly similar to Plaintiff's FIRST SERVICE NETWORKS marks in such a

11

118944/000001/1399871.02

1   manner as to deceive, to falsely describe or represent the source of the services, or

2   otherwise create confusion upon the purchasing public or the trade;

3            e.     further violating Plaintiff's property rights and goodwill; and

4            f.     otherwise competing unfairly with Plaintiff in any manner

5   whatsoever.

6        2.     That Defendant take all necessary and appropriate steps to recall for

7   destruction all advertising and other materials, including but not limited to, websites and

8   promotional materials bearing Defendant's "First Service" design and word marks and the

9   "First Service Maintenance Group" name.

10        3.     That Defendant take all necessary and appropriate steps to cease using the

11   www.1stmg.com domain name and to transfer said domain name to Plaintiff.

12        4.     That Defendant be required to pay over to Plaintiff all profits realized from

13   its unlawful acts complained of herein.

14        5.     That Defendant be required to pay over to Plaintiff all damage suffered by

15   Plaintiff as a result of Defendant's acts herein complained of, and that such damages be

16   trebled.

17        6.     That Plaintiff be awarded punitive damages for the willful and wanton acts

18   of unfair competition and other unlawful injurious acts of Defendant complained of

19   herein.

20        7.     That Plaintiff be awarded its reasonable attorneys fees and the costs of this

21   action.

22        8.     That Plaintiff be awarded such other and further relief as the Court may

23   deem just and proper.

24   DATED:  September 27, 2011         PROCOPIO, CORY, HARGREAVES &
25                                          SAVITCH LLP

26

27                   By:  *s/ Ryan C. Caplan*
                        Paul E. Burns
28                           Ryan C. Caplan
                        Attorneys for Plaintiff,
                        First Service Networks, Inc.