Jeffrey Weiss (AZ Bar No. 012012)
jweiss@weissiplaw.com
Kenneth M. Motolenich-Salas (AZ Bar No. 027499)
kmotolenich@weissiplaw.com
WEISS & MOY, P.C.
4204 N. Brown Avenue
Scottsdale, Arizona 85251
Tel: (480) 994-8888
Fax: (480) 947-2663

Attorneys for First Service Maintenance Group Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| First Service Networks, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>First Service Maintenance Group, Inc.,<br><br>Defendant. | Case No.: CV11-1897-PHX DGC<br><br>**DEFENDANT FIRST SERVICE MAINTENANCE GROUP, INC.'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2) AND/OR 12(B)(3) OR, IN THE ALTERNATIVE, TRANSFER VENUE PURSAUNT TO 28 U.S.C. § 1406(A), 28 U.S.C. § 1631, AND/OR 28 U.S.C. § 1404(A)**<br><br>(Assigned to the Honorable David G. Campbell) |

## I.    INTRODUCTION

Plaintiff First Service Networks, Inc. ("FSN"), a Maryland corporation (Doc. No. 1 at ¶ 6) registered to do business in New York (Declaration of Ken Motolenich-Salas ["M-S Dec."], at ¶ 2, Ex. A), filed this lawsuit alleging federal and state trademark infringement, federal unfair competition, unjust enrichment, and cybersquatting against Defendant First Service Maintenance Group, Inc. ("FSMG").  FSMG brings this Motion

1

to Dismiss pursuant to (i) Fed. R. Civ. P. 12(b)(2) since this Court lacks personal jurisdiction over Defendants and/or (ii) Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406 since this action was filed in an improper venue.  Alternatively, FSMG moves this Court, pursuant to 28 U.S.C. § 1406 and/or 28 U.S.C. § 1631, to transfer this action to the United States District Court for the Southern District for New York on the grounds that it is the proper venue or, in the alternative, pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses and in the interests of justice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

FSMG is a corporation organized under the laws of the State of New York, with its principal place of business at 1370 Broadway, 5th Floor, New York, and New York 10018.[1]  (Declaration of Andrea Fish ["Fish Dec."], at ¶ 5.)  FSMG is an industry leader in facilities maintenance, rollouts and capital projects.  (Id. at ¶ 7.)  FSMG provides rollouts, repairs and remodel services in the Greater New York City area, including New York, Connecticut, and New Jersey.  (*Id.* at ¶ 8.)

On September 27, 2011, FSN filed a Complaint in this Court asserting claims of federal and state trademark infringement, federal unfair competition, unjust enrichment, and cybersquatting against FSMG.  (Doc. No. 1.)  FSN, as alleged in its Complaint, states that it is in the business of managing maintenance and repairs for multi-site businesses and facilities, including, without limitation, scheduled maintenance, preventative maintenance, emergency repairs, remodeling projects, and capital projects.  (*Id.* at ¶ 8.)

After more than three months, FSN finally served FSMG in New York City, New York.  (*See* Doc. No. 12.)  FSMG has no connection with Arizona.  (Fish Dec. at ¶ 9.)  For example, FSMG has no bank accounts in Arizona.  (*Id.*)  FSMG has no interest in,

---

[1] Although FSMG has an un-manned California satellite office (Fish Dec. at ¶ 6), FSMG (i) negotiates and executes all business contracts in New York, not Arizona or California (*id.* at ¶ 28); (ii) does not market or provide any produce or service in California (*id.* at ¶ 29); (iii) is not licensed by the State of California (*id.* at ¶ 30); (iv) has no designated agent for service of process within California (*id.* at ¶ 31), and (v) has not registered as a foreign corporation authorized to conduct business in California (*id.* at ¶ 32).

use of, or possession of real property within Arizona. (*Id.* at ¶ 10.) FSMG does not own, use, or lease any personal property within Arizona. (*Id.* at ¶ 11.) FSMG has not been party to a cash transaction that ran through Arizona, nor is it required to pay any income or business taxes to Arizona. (*Id.* at ¶¶ 12, 13.) FSMG has not used the Arizona court system as a litigant. (*Id.* at ¶ 18.)

Moreover, FSMG has not engaged in business within Arizona or offered to provide services to any entity within Arizona. (*See, e.g.*, Fish Dec. at ¶¶ 9-24, 28.) All FSMG employees are located in the New York City office. (*Id.* at ¶ 26.) FSMG employees conduct day-to-day business operations from the New York city office. (*Id.* at ¶ 27.) FSMG negotiates and executes all business contracts in New York, not Arizona. (*Id.* at ¶ 28.) AS such, FSMG offers services only in and around New York City (New York, New Jersey, and Connecticut). (*Id.* at ¶¶ 8, 14.) As such, FSMG is not licensed by the State of Arizona (id. at ¶ 15), nor has it registered as a foreign corporation authorized to conduct business in Arizona (*id.* at ¶ 17). FSMG has no designated agent for service of process within Arizona. (*Id.* at ¶ 16.) FSMG was served with the Summons and Complaint in this action in New York where all corporate and business records are kept. (*Id.* at ¶¶ 16, 25; *see also* Doc. No. 15.) In addition to these corporate records, FSMG officers, directors, and employees with knowledge relevant to this action reside in and around New York City, which lies in the Southern District of New York. (*Id.* at ¶¶ 26-28.)

### III. ARGUMENT

#### A. This Action Should Be Dismissed for Lack of Personal Jurisdiction Over Defendant.

Whether a federal court an exercise personal jurisdiction over a non-resident defendant, such as FSMG, turns on two independent considerations: whether (1) an applicable state rule or statute permits service of process on the defendant; and (2) the assertion of personal jurisdiction comports with constitutional due process principles. *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985). Here,

3

1  Arizona's long-arm statute (Ariz. R. Civ. P. 4.2(a)) permits personal jurisdiction to the
2  extent permitted by the Due Process Clause of the Fourteenth Amendment of the U.S.
3  Constitution such that this Court need only determine whether personal jurisdiction
4  would meet with the constitutional requirements of due process. *See Harmon v. RAR*
5  *Enterprises, Inc.*, CV10-01813-PHX-FJM, 2011 U.S. Dist. LEXIS 59638, at *4-5 (D.
6  Ariz. June 3, 2011) (citing *Brainerd v. Governors of the University of Alberta*, 873 F.2d
7  1257, 1258 (9th Cir. 1989)).
8        Absent traditional bases for personal jurisdiction (physical presence, domicile, or
9  consent), the Due Process Clause requires that nonresident defendants, such as FSMG,
10 have certain minimal contacts with the forum state such that the exercise of personal
11 jurisdiction does not offend traditional notions of fair play and substantial justice.
12 *Cummings v. W. Trial Lawyers Assoc.*, 133 F. Supp. 2d 1144, 1151 (D. Ariz. 2001)
13 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), *and Doe v. Am. Nat'l*
14 *Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997)).  If a court determines that a
15 defendant's contacts with the forum state are sufficient to satisfy the Due Process
16 Clause, then the court must exercise either "general" or "specific" personal jurisdiction
17 over the defendant. *United Truck & Equip., Inc. v. Curry Supply Co.*, CV08-01046-
18 PHX-GMS, 2008 U.S. Dist. LEXIS 110213, at *9 (D. Ariz. Nov. 5, 2008) (citing
19 *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984), *and Ziegler*
20 *v. Indian River County,* 64 F.3d 470, 473 (9th Cir. 1995)).  General personal jurisdiction
21 refers to the authority of the court to exercise jurisdiction even where the cause of action
22 is unrelated to the defendant's contacts with the forum. *Helicopteros*, 466 U.S. at 408.
23 Specific jurisdiction refers to the authority of the court to exercise jurisdiction when a
24 suit arises out of or is related to the defendant's contacts with the forum. *Id.* FSN bears
25 the burden of establishing personal jurisdiction by, *inter alia*, coming forward with facts,
26 by affidavit or otherwise, supporting personal jurisdiction over FSMG. *CollegeSource,*
27 *Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011); *Ziegler,* 64 F.3d at 473;
28 *United Truck,* 2008 U.S. Dist. LEXIS 110213, at *7; *Cummings*, 133 F. Supp. 2d at

1151. The plaintiff cannot simply rest on the bare allegations of its complaint if controverted by evidence incorporated into defendant's motion to dismiss. *Xcentric Ventures, LLC v. Bird*, 683 F. Supp. 2d 1068, 1070 (D. Ariz. 2010).

> i. Defendant Does Not Have Substantial or Continuous and Systematic Contacts with Arizona to Establish General Personal Jurisdiction.

A court may assert general jurisdiction over a defendant if the defendant engages in "substantial" or "continuous and systematic" business activities that "approximate physical presence" in the forum state such that the defendant is essentially at home in the forum State. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851, (2011); *CollegeSource*, 653 F.3d at 1074; *United Truck*, 2008 U.S. Dist. LEXIS 110213, at *9-10 (citing *Helicopteros*, 466 U.S. at 416, *and Bancroft & Masters, Inc. v. August Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).

FSMG's principal place of business is in New York. (Fish Dec. at ¶¶ 5, 8, 25-28.) FSMG owns no property in Arizona, owes (nor pays) taxes in Arizona, and maintains no offices, employees, or bank accounts in Arizona. (*Id.* at ¶¶ 9-11, 13-14.) Moreover, FSMG has not designated an agent for service of process in Arizona and, as such, was served in this action in New York, where all of its officers, directors, and employees reside. (*Id.* at ¶¶ 16, 26.) Nor is FSMG licensed by the State of Arizona. (*Id.* at ¶¶ 15, 17.) Additionally, FSMG does not solicit business in Arizona, nor has FSMG ever transacted business with an Arizona entity or within Arizona. (*Id.* at ¶¶ 12, 19-24.) Plus, even though FSMG has a website available for viewing in Arizona, merely maintaining a website that Arizona residents may access is not enough to satisfy general jurisdictional requirements. *The Hillman Group, Inc. v. Hy-Ko Prods. Co.*, CV 07-2446-PHX-JAT, 2008 U.S. Dist. LEXIS 64231, at *9 (D. Ariz. Aug. 13, 2008). Notably, FSMG has not generated any sales or business activity from Arizona through the website to support the exercise of general personal jurisdiction. (Fish Dec. at ¶¶ 19-23); *see also id.*; *Gator.Com Corp. v. L.L. Bean*, 341 F.3d 1072, 1079 (9th Cir. 1997); *GTE New*

5

*Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349-50 (D.C. Cir. 2000). Simply put, there are no substantial or continuous and systematic contacts between FSMG and Arizona. FSMG is far from "at home" in Arizona. *Goodyear, supra*. Therefore, given this utter lack of contacts with Arizona, FSN cannot make a *prima facie* showing of general personal jurisdiction over FSMG. *Accord United Truck, supra*, at *12.

ii. <u>Defendant Does Not Have Sufficient Contacts with Arizona to Establish Specific Personal Jurisdiction.</u>

Courts in the Ninth Circuit employ a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction: (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004), *and Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

*1. FSMG Did Not Purposefully Direct Any Activities to Arizona.*

The first prong is satisfied by either purposeful availment (most often used in suits sounding in contract) or purposeful direction (most often used in suits sounding in tort) wherein a defendant has sufficient minimum contacts with the forum state such that he or she should reasonably anticipate being haled into court there. *Brayton Purcell*, 606 F.3d at 1128 (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006), *and Schwarzenegger*, 374 F.3d at 802); *Cummings*, 133 F. Supp. 2d at 1152 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Since trademark infringement is often characterized as a tort, purposeful direction is the proper

1 analytical framework here. *GN Trade, Inc. v. Siemens,* CIV. S-11-0994 LKK/KJN, 2011 U.S. Dist. LEXIS 113142, at *8 (E.D. Cal. Sep. 30, 2011); *Bancroft*, 223 F. 3d at 1087 (applying purposeful direction in a trademark infringement declaratory judgment action); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (trademark infringement and unfair competition case "akin" to a tort case). Purposeful direction requires that the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state (i.e., foreseeability). *Brayton Purcell*, 606 F.3d 1124, 1128 (citing *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)); *Calder v. Jones*, 465 U.S. 783 (1984).[2]

Here, assuming *arguendo* that FSMG's alleged placement of marks which FSN contends infringe its trademark rights satisfies the intentional act requirement, FSN must still show that such an act was expressly aimed at Arizona. The Ninth Circuit has emphasized that "something more than mere foreseeability is required in order to justify the assertion of personal jurisdiction," *viz.*, conduct expressly aimed at the forum state. *Brayton Purcell*, 606 F.3d at 1129 (citing *Schwarzenegger*, 374 F.3d at 805, *Pebble Beach*, 453 F.3d at 1156, *and Bancroft*, 223 F.3d at 1088).

FSMG has not engaged in ***any*** activity expressly aimed at or performed in Arizona. (Fish Dec. at ¶¶ 9-24, 28.) If anything, FSMG has only made its website available in Arizona, the maintenance of which alone cannot satisfy the express aiming prong. *Brayton Purcell*, 606 F.3d at 1129 (citing *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007)). Even assuming FSMG offered services in the New York City area which allegedly infringed FSN's trademark rights, such conduct would not be "aimed at" Arizona, but rather conduct aimed at New York City. *Accord GN Trade*, 2011 U.S. Dist. LEXIS 113142, at *12-13 (no express aiming to support jurisdiction for trademark action in California against defendant where defendant only sold product in Colorado).

---

[2] This 3-element test is often referred to as the *Calder* effects test.

7

1  FSMG, by only offering its services in the vicinity of Los Angeles, has no reason
2 to believe that anyone outside of that metropolitan area would see its website or engage
3 FSMG in business.  *See, e.g.*, *Schwarzenegger*, 374 F.3d at 807 (defendant's sue of
4 Arnold Schwarzenegger's image in a local Ohio newspaper was insufficient to confer
5 jurisdiction because the advertisement was expressly aimed at Ohio rather than
6 California); *GN Trade, supra*, at \*13 (no allegation that Colorado-based defendant,
7 accused of trademark infringement in an action filed in California, had any knowledge
8 that its alleged conduct was injuring a California-based company).  Plus, FSMG's
9 internet-related activities, which did not generate ***any*** Arizona commercial activity, do
10 not rise to the level of express aiming, warranting the exercise of specific personal
11 jurisdiction by this Court over it.  *Accord Pebble Beach*, 453 F.3d at 1153-57
12 (defendant, which operated a bed and breakfast in the UK and had been sued for
13 trademark infringement in California, engaged in no individualized targeting of
14 California residents by merely registering and operating a passive informational site).

15  Even assuming *arguendo* that the express aiming element of the *Calder* effects
16 test is established, it was not foreseeable by FSMG, a company whose (i) entire records
17 are located in New York City (Fish Dec. at ¶ 25), (ii) operations are based in New York
18 City (*id.* at ¶¶ 8, 27-28), and (iii) officers, directors, and employees live near New York
19 City(*id.* at ¶ 26), that the operation and maintenance of its website would have any
20 foreseeable effects in Arizona.  *See Bancroft*, 223 F.3d at 1087.  As such, by failing to
21 meet either the express aiming or foreseeable harm elements of the *Calder* effects test,
22 FSN fails to meet its burden of showing that FSMG has purposefully directed any
23 activities toward Arizona such that this Court cannot exercise specific personal
24 jurisdiction over FSMG.

25  *2. As FSMG has No Arizona-Related Activities, The Claims in this Action Cannot Arise Out of or Relate to FSMG's Arizona-Related Activities.*
26

27  The Ninth Circuit has adopted a "but-for" test to determine if a plaintiff's claims
28 arise out of a defendant's forum-related activities which is met if, but for the contacts

8

between the defendant and the forum state, Plaintiff's cause of action would not have arisen. *Cummings*, 133 F. Supp. 2d at 1153 (citing *Doe*, 112 F.3d at 1051); *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 560 (9th Cir. 1995). As an initial matter, FSMG has ***no*** Arizona-related activities, nor has FSMG conducted a single forum-related activity. (Fish Dec. at ¶¶ 9-15, 17-24, 28.) Secondly, even if there were such activities, there is no evidence that, but for FSMG's alleged conduct, FSN's claims would not have arisen. As such, in light of FSN's failure to meet its burden of showing that its claims arise out of or relate to Arizona-related activities, the second requirement for the exercise of specific personal jurisdiction over FSMG cannot be established.

### *3. The Exercise of Specific Personal Jurisdiction over FSMG Would Be Unreasonable.*

The last requirement for specific personal jurisdiction is the reasonableness of exercising such jurisdiction, which is determined by considering a number of factors: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Cummings*, 133 F. Supp. 2d at 1154 (citing *Ziegler*, 63 F.3d at 475).

Here, all factors militate against the exercise of specific personal jurisdiction over FSMG. First, other than its web presence, FSMG has not interjected itself into Arizona's affairs. Moreover, since all of its documents, officers, employees, directors, and other witnesses can be found in and around New York City (Fish Dec. at ¶¶ 25-27), FSMG would be greatly burdened to defend FSN's claims in this Court as witnesses would need to travel to Arizona for depositions, hearings, and for trial, incurring significant travel costs related to litigation in a state other than the one which they reside. Moreover, an Arizona federal court's exercise of jurisdiction over a New York

1 corporation which engages in no commercial activity in Arizona and was sued by a
2 company registered to do business in New York (M-S Dec. at ¶ 2, Ex. A) conflicts with
3 the sovereignty of New York.  Additionally, Arizona can have little, if any, interest in
4 adjudicating a dispute between FSN, **_a Maryland company_** (*see* Doc. No. 1 at ¶ 6)
5 licensed to do business in New York (M-S Dec. at ¶ 2, Ex. A) and FSMG, a New York
6 corporation (Fish Dec. at ¶ 5), arising from alleged acts, none of which are even
7 tenuously linked with Arizona.

8 Additionally, the most efficient judicial resolution of this case would be
9 adjudication in the Southern District of New York, not the District of Arizona.
10 Although FSN may be interested in relief which is solely effective and convenient for
11 itself,[3] the existence of this alternative forum, (i) in which relevant witnesses and
12 documents are located (Fish Dec. at ¶¶ 25-26); (ii) where both parties are registered to
13 do business (id. at ¶ 5; M-S Dec. at ¶ 2, Ex. A); and (iii) where FSN's attorneys maintain
14 a fully-staffed office of eighty-one attorneys (M-S Dec. at ¶ 3, Ex. B) militates against
15 continued litigation before this Court.  As such, given the unreasonableness of the
16 exercise of specific personal jurisdiction over FSMG by this Court, this Court should
17 dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) for lack of specific personal
18 jurisdiction.

### B. This Action Should Be Dismissed as It Was Filed in an Improper Venue.

21 FSMG alternatively moves this Court to dismiss this action for improper venue
22 pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406.  FSN has the burden of
23 providing that venue is proper in the district in which the suit was initiated.  *United*
24 *Truck, supra*, at *30 (citing in part *Piedmont Label Co. v. Sun Garden Packing*, 598 F.2d
25 491, 496 (9th Cir. 1979)).  When deciding a challenge to venue, the pleadings need not
26 be accepted as true, and the district court may consider facts outside of the pleadings.

---

[3] While FSN's desire to litigate in Arizona is may be most convenient for it, this factor is not of paramount importance. *CE Distr., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004).

1 *Id.* (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)). In
2 actions not founded solely on diversity of citizenship such as a Lanham Act case, venue
3 is proper when brought in (1) a judicial district where any defendant resides, (2) a
4 judicial district in which a substantial part of the events or omissions giving rise to the
5 claim occurred, or (3) a judicial district in which any defendant may be found. *Pac.*
6 *Scientific Energetic Mtls. Co. (Arizona) LLC v. Ensign-Bickford Aerospace & Defense*
7 *Co.*, CV-10-02252-PHX-JRG, 2011 U.S. Dist. LEXIS 108948, at *18 (D. Ariz. Sep. 23,
8 2011) (citing 28 U.S.C. § 1391(b)). If a defendant is a corporation, it "shall be deemed
9 to reside in any judicial district in which it is subject to personal jurisdiction at the time
10 the action is commenced." *Id.* (citing 28 U.S.C. § 1391(c)). If a court finds venue to be
11 improper, it is within the trial court's discretion to dismiss the case or transfer it. *United*
12 *Truck, supra*, at *39 (citing 28 U.S.C. § 1406(a)).

13 Here, FSMG, a New York corporation, is a resident of New York with offices
14 within the Southern District of New York such that under 28 U.S.C. § 1391(b)(1), that
15 judicial district, not the District of Arizona, would be the proper venue. Moreover,
16 FSMG, whose offices are found within the Southern District of New York (Fish Dec. at
17 ¶¶ 5-6) can be "found" in that district under 28 U.S.C. § 1391(b)(3). Moreover, with
18 respect 28 U.S.C. § 1391(b)(2), there is no evidence that any part of the alleged events
19 or omissions giving rise to FSN's claim occurred in Arizona. There can be no such
20 evidence since FSMG has no connection with the state of Arizona.

21 Furthermore, as discussed *supra*, this Court does not have personal jurisdiction
22 over FSMG. Given that (i) FSMG is not a resident of Arizona but rather New York, (ii)
23 the absence of any FSMG-Arizona connection or connection between Arizona and the
24 alleged acts giving rise to the claims, and (iii) the want of jurisdiction over FSMG in the
25 District of Arizona, the Court should dismiss the Complaint for improper venue pursuant
26 to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a).
27 /   /   /
28 /   /   /

### C. Alternatively, if not Dismissed, This Action Should Be Transferred to the Southern District of New York.

*1. This Case Should Be Transferred to the Southern District of New York for Improper Venue in the Interests of Justice Pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1631.*

As an alternative to dismissal and if it is in the interests of justice, 28 U.S.C. §1406(a) permits this Court to transfer this case if venue is improper. *Harmon, supra*, at *8; *Ensign-Bickford, supra*, at *17-18. Moreover, this Court may transfer the action pursuant to 28 U.S.C. § 1631, which provides in pertinent part that "[w]henever a civil action is filed…and that court finds that there is a want of jurisdiction, the court shall, if it is in the interests of justice, transfer such action…to any other such court in which the action…could have been brought at the time it was filed or noticed…" *See, e.g., Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992)).

As stated *supra*, venue is improper in the District of Arizona. Venue, however, is proper in the Southern District of New York, where FSMG, a New York corporation, (i) is subject to personal jurisdiction, (ii) maintains its offices and documents, and (iii) operates nearly all of its business interests. (Fish Dec. at ¶¶ 5-6, 8, 25-27.) Moreover, FSN is subject to personal jurisdiction in New York since it is registered to do business in New York. (M-S Dec. at ¶ 2, Ex. A.) As such, if this Court determines that transfer would be in the interests of justice, this action should be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1631. *Accord United Truck, supra*, at *41 (transferring action to the Western District of Pennsylvania since defendants resided in that district).

*2. This Case Should Be Transferred to the Southern District of New York for the Convenience of the Parties, Convenience of the Witnesses, and in the Interests of Justice Pursuant to 28 U.S.C. § 1404.*

In the unlikely event that this Court finds that (i) venue is proper in this judicial district and (ii) FSMG is subject to the personal jurisdiction of this Court, FSMG moves, pursuant to 28 U.S.C. § 1404, to transfer venue for the convenience of the parties and

1    witnesses, and interests of justice. In determining whether to transfer a case under 28
2    U.S.C. § 1404, a court must first determine whether the action might "have been
3    brought" in the transferee district. *Ensign-Bickford, supra*, at *20; *Lung v. Yachts
4    Intern., Ltd.*, 980 F. Supp. 1362, 1369 (D. Haw. 1997). Then, the court must weigh both
5    public and private factors. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d
6    834, 843 (9th Cir. 1986).

7    As an initial matter, this action might have been brought in the Southern District
8    of New York. As set forth in greater detail in the Declaration of Andrea Fish, FSMG is
9    a New York corporation, and FSMG's offices, directors, officers, employees, and
10   documents are found in or reside in or around the Southern District of New York. (Fish
11   Dec. at ¶¶ 5, 25-26.) Moreover, FSMG, which is both registered to do business in New
12   York and has its principal place of business in New York City, is subject to the personal
13   jurisdiction of the Southern District of New York. Furthermore, FSN is registered to do
14   business in New York. (M-S Dec. at ¶ 2, Ex. A.) Therefore, since venue would be
15   proper in the Southern District of New York and that judicial district would have
16   personal jurisdiction over FSMG, this case could have been brought in the Southern
17   District of New York.

18   In weighing the public and private factors to determine the propriety of transfer
19   under 28 U.S.C. § 1404, a court should consider the (1) convenience of the parties, (2)
20   the convenience of the witnesses, and (3) the interests of justice. *United Truck, supra*, at
21   *39-40. Courts may consider (1) the location where the relevant agreements were
22   negotiated; (2) these most familiar with the governing law; (3) the plaintiff's choice of
23   forum; (4) the parties' contacts with the forum state; (5) events related to the cause of
24   action that took place in the forum state; (6) the differences in cost of litigation between
25   the two forums; (7) the availability of compulsory process for non-party witnesses; and
26   (8) ease of access to sources of proof. *Ensign-Bickford, supra*, at *21 (citing *Jones v.
27   GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).

28

1     Here, the first and fifth factors are inapposite as there are no (i) agreements
2 between the parties or (ii) events related to the cause of action that took place in
3 Arizona, respectively.  The second factor may weigh slightly in favor of Arizona given
4 that FSN has asserted state law claims against FSMG; however, the Southern District of
5 New York is equally familiar with federal trademark, unfair competition, and
6 cybersquatting claims.  Moreover, as to the second factor, numerous courts have given
7 less deference to the plaintiff's choice of forum where, as here, the action has little
8 connection with the chosen forum and FSN, Maryland company (Doc. No. 1 at ¶ 6)
9 licensed to do business in New York (M-S Dec. at ¶ 2, Ex. A), chose Arizona as the
10 forum.  *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005); *Pupo-Leyvas*
11 *v. Bezy*, CV 07-1032, 2008 U.S. Dist. LEXIS 84033, at *5 (D. Ariz. May 9, 2008);
12 *Ensign-Bickford, supra*, at *23-24.

13     As to the fourth factor, FSN may have Arizona as its principal place of business,
14 but it is a Maryland company (Doc. No. 1 at ¶ 6) licensed to do business in New York
15 (M-S Dec. at ¶ 2, Ex. A), and FSMG has no connection to Arizona (*see, e.g.*, Fish Dec.).
16 As such, the parties' tenuous or non-existent contacts with Arizona favor transferring to
17 the Southern District of New York.  As to the sixth factor, FSMG would have to incur
18 significant costs in litigating in a court across the country from its principal place of
19 business, while FSN is already registered to do business in New York, and has as
20 counsel a national law firm, Lewis Brisbois Bisgaard & Smith LLP, with a New York
21 Office.  (*See* M-S Dec. at ¶¶ 2-3, Exs. A & B.)

22     With respect to the seventh factor, given that FSMG's witnesses reside in and
23 around the Southern District of New York and FSN, a New York-registered foreign
24 corporation, is subject to that court's personal jurisdiction, compulsory process is more
25 readily available in the Southern District of New York.  *See, e.g.*, Fed. R. Civ. P. 45(e)
26 (stating that witnesses may not be compelled to attend trial unless they can be served
27 with subpoenas within the trial district, or at any place outside of the district that is
28 within 100 miles of the place of trial); *Los Angeles Memorial Coliseum Comm. V. Nat'l*

1 *Football League*, 89 F.R.D. 497, 499 (C.D. Cal. 1981).  Added to this is the relative ease of access to sources of proof if the case were transferred to the judicial district in which FSMG's corporate records and witnesses can be found.  Lastly, the severe court congestion in the District of Arizona vis-à-vis the Southern District of New York is such that transfer to the latter court would ensure that the parties are afforded swifter resolution of this matter.  Thus, on the whole, transfer to the Southern District of New York is (i) more convenient for the parties, both of which are New York-registered companies and have access to New York counsel; (ii) more convenient for the witnesses, many of which would be subject to compulsory process in the Southern District of New York; and (iii) would serve the interests of justice.

**IV.    CONCLUSION**

For these reasons, FSMG respectfully request that this Court enter an Order:

- Dismissing this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or alternatively pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406; or alternatively.
- Transferring this action pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1631 for improper venue or alternatively for the convenience of the parties, convenience of the witnesses, and interests of justice pursuant to 28 U.S.C. § 1404.

Dated this 27th day of January, 2012.

Respectfully submitted,

WEISS & MOY, P.C

s/ Kenneth M. Motolenich-Salas
Kenneth M. Motolenich-Salas (AZ Bar No. 027499)
4204 N. Brown Avenue
Scottsdale, Arizona 85251
Tel:  (480) 994-8888
Fax:  (480) 947-2663
*Attorney for First Service Maintenance Group Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Matthew David Kleifield
Robert Charles Ashley
Lewis Brisbois Bisgaard & Smith LLP
2929 N Central Ave., Ste. 1700
Phoenix, AZ 85012
mkleifield@lbbslaw.com
rashley@lbbslaw.com

Attorneys for Plaintiff

By: s/ Kenneth Motolenich-Salas