**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Service Networks, Inc., | No. CV11-1897-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| First Service Maintenance Group, Inc., | |
| Defendant. | |

Plaintiff filed suit against Defendant alleging trademark infringement, unfair competition, unjust enrichment, and anticybersquatting. Doc. 1. Defendant filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or, in the alternative, to transfer the suit to the Southern District of New York. Doc. 15. The motion is fully briefed.[1] Docs. 22, 23. For the reasons that follow, the Court will grant Plaintiff's request for limited discovery.[2]

**I.   Background.**

Plaintiff provides maintenance and repair services to property owners and began using the mark FIRST SERVICE NETWORKS in April 2001. Doc. 1 at 2-3. Plaintiff provides services to U.S. and international customers who have business locations in all 50 states. *Id.* at 3. Plaintiff owns U.S. trademark registrations for FIRST SERVICE

---

[1] Plaintiff's request for oral argument is denied because the issues are fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partidge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

[2] Plaintiff's motion to file a sur-reply (Doc. 24) is **granted**. The Court has considered it in deciding this motion.

1  NETWORKS and FIRST SERVICE NETWORK & DESIGN. *Id.*

2  Defendant is also a maintenance and repair provider and began offering services sometime around January 2009. *Id.* Defendant's website and marketing material use the words "First Service," "1st Service," "1st Service Maintenance," and "First Services Maintenance Inc." *Id.* Plaintiff alleges that Defendant trades on the goodwill of Plaintiff's mark and has obtained profitability they otherwise would not have. *Id.*

**II.    Analysis.**

Defendant argues that Arizona does not have personal jurisdiction over it. A federal court has personal jurisdiction over a non-resident defendant when (1) the applicable state rule or statute permits service of process on the defendant, and (2) the assertion of personal jurisdiction comports with due process. *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994). Arizona's long-arm statute permits personal jurisdiction to the extent permitted by due process. *See* Ariz. R. Civ. P. 4.2(a). A plaintiff bears the burden of establishing personal jurisdiction. *See, e.g., Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Indeed, a plaintiff is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction over the defendant. *Cummings v. W. Trial Lawyers Assoc.*, 133 F. Supp.2d 1144, 1151 (D. Ariz. 2001).

**A.    General Jurisdiction.**

The Court may assert general jurisdiction over a defendant if its activities in the forum state are substantial or continuous and systematic, even if the plaintiff's claims are unrelated to those activities. *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986)); *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). Other than allegations about Defendant's website, Plaintiff does not argue or otherwise provide the Court with any evidence that establishes general jurisdiction over Defendant. There is no evidence that Defendant engages in business transactions with any residents or businesses in Arizona. Defendant's website merely provides details about Defendant and its services, where it can provide the

services, and contact information. Merely maintaining a website that Arizona residents may access is not enough to satisfy general jurisdiction requirements. *Hillman Group, Inc. v. Hy-Ko Products Co.*, No. CV 07-2446-PHX-JAT, 2008 WL 3583253 at *3 (D. Ariz. Aug. 13, 2008); *see also Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W. D. Pa. 1997) (distinguishing between "passive" websites that merely provide information and "active" websites though which commercial activity occurs).

### B. Specific Jurisdiction.

The Ninth Circuit employs a three-prong test to determine whether a party has sufficient minimum contacts for specific jurisdiction to exist: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of satisfying the first two prongs of the test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying the first two prongs, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985). Plaintiff has failed to satisfy the first prong.

The first prong is satisfied by either purposeful availment (most often used in suits sounding in contract) or purposeful direction (most often used in suits sounding in tort). *Id.* The underlying federal claims here are based on trademark infringement, which sounds in tort.[3] *GN Trade, Inc. v. Siemens*, No. Civ. S-11-0994 LKK/KJN, 2011 WL

---

[3] Plaintiff's proof of personal jurisdiction also fails under the purposeful availment standard. To satisfy this standard, Defendant "must do some act or consummate some

- 3 -

4591080 at *2 (E.D. Cal. Sept. 30, 2011); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (stating trademark infringement and unfair competition case is "akin" to a tort case). To satisfy purposeful direction, Plaintiff must establish that (1) Defendant committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that Defendant knows is likely to be suffered in the forum state. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

Plaintiff argues that this Court has personal jurisdiction because Defendant's website asserts that Defendant does business in the lower forty-eight states. But merely maintaining a passive website does not constitute purposeful direction sufficient to support specific jurisdiction.[4] *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010) ("It is beyond dispute in this circuit that maintenance of a passive website alone cannot satisfy the express aiming prong.") (citing *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006)). *But cf. Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) ("[O]perating even a passive website in conjunction with 'something more' – conduct directly targeting the forum – is sufficient to confer personal jurisdiction.") (citation omitted).

Plaintiff asserts that Defendant has a west coast office and is scheduled to be an exhibitor at a Las Vegas conference. Doc. 22 at 5. Doing business on the west coast or in Nevada does not, however, constitute purposeful direction at Arizona.

Plaintiff also "believes" that Defendant currently has contractors or subcontractors

---

transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). Plaintiff has not identified any act or transaction of Defendant that is connected with Arizona. Plaintiff relies solely on Defendant's passive website and a belief that Defendant has contractors in Arizona. This is not sufficient to establish purposeful availment.

[4] Plaintiff asserts that if Defendant does not in fact do business in Arizona, then it will be liable for false advertising as well as trademark infringement. Even if this were true, Defendant could be held liable only in a jurisdiction where it is subject to personal jurisdiction. False statements of purposeful direction do not necessarily constitute purposeful direction.

providing services in Arizona. Defendant denies that it has conducted any activity in or derives any revenue from Arizona, and the affidavit of Andrea Fish, Defendant's president and COO, states under penalty of perjury that Defendant has never contracted to offer services in Arizona. Doc. 16 ¶ 23. Services provided by Defendant outside of Arizona, of course, are not "aimed at" Arizona for purposes of specific jurisdiction. *See GN Trade*, 2011 WL 4591080 at *4 (selling products in Colorado did not constitute express aiming sufficient to support jurisdiction for a trademark action in California).

The Court concludes that Plaintiff has failed to show that Defendant purposefully has directed its activities at Arizona. Given this failure of proof, the Court need not address the other requirements of specific jurisdiction.

### C. Leave for Jurisdictional Discovery.

Plaintiff asks the Court to grant 90 days of limited discovery to establish jurisdictional facts. The Court will grant this request, but for a shorter period. Plaintiff may have until **June 29, 2012**, to conduct discovery on personal jurisdiction. Plaintiff may propound up to 10 requests for production of documents and 10 interrogatories (each including subparts), and may take up to three depositions of no more than four hours each. Defendant shall file a supplement to its motion to dismiss by **July 6, 2012**. Plaintiff shall file a response by **July 18, 2012**. No reply will be permitted, and the supplements will be limited to 10 pages each. The Court will enter a final ruling on the motion to dismiss after considering the supplement and response.

**IT IS ORDERED** that Plaintiff's motion to file a sur-reply (Doc. 24) is **granted**.

Dated this 24th day of April, 2012.

David G. Campbell
United States District Judge