# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| First Service Networks, Inc., | **Case No.: CV11-1897-PHX DGC** |
| Plaintiff, | **DISCOVERY PROTECTIVE ORDER** |
| v. | |
| First Service Maintenance Group, Inc., | |
| Defendant. | |

WHEREAS the Parties, First Service Networks, Inc. ("FSN") and First Service Maintenance Group, Inc. ("FSMG") hereby acknowledge that certain documents and other information being produced pursuant to this Court's Order granting jurisdictional discovery (Doc. No. 25) include confidential, proprietary and/or trade secret information relating to the business of FSMG ("Protected Material"), which, if disclosed, would harm FSMG's business, commercial, or financial interests; and

WHEREAS the Parties desire to expedite the flow of discovery material, and facilitate the prompt resolution of disputes over confidentiality of discovery materials; and

WHEREAS the Parties desire to adequately protect information FSMG is entitled to keep confidential as well as ensure that only such materials are subject to special treatment; and

WHEREAS the Parties respectfully submit that protection of Protected Material will protect FSMG from unfair competition, burden, and expense;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties that the following Order should be entered by the Court, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure ("Protective Order").

The following terms and conditions shall govern the use and treatment of documents, materials, items, tangible things, and/or information produced by Parties or non-Parties in this lawsuit:

1. **Good Cause Statement**: The Parties believe that good cause exists for the entry of this Protective Order to the extent that documents and things designated as Protected Material hereunder constitute trade secret, proprietary or other confidential information, the disclosure of which is likely to have the effect of harming the competitive position of the designating Party or violating an obligation of confidentiality to a third party.

2. **Scope**: All documents and tangible things that contain or comprise confidential, proprietary and/or trade secret information, including development or commercial information, within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure that are produced by FSMG shall be governed during discovery by this Protective Order ("Protected Material").

3. **Confidential Material**: FSMG has the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any non-public document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) that contains private or confidential personal information, (c) that contains information received in confidence from third parties, or (d) which FSMG otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. FSMG shall mark any information, document, thing, interrogatory answer, admission, pleading, or testimony containing Confidential Material with the foregoing or similar

legend: "CONFIDENTIAL – SUBJECT TO DISCOVERY PROTECTIVE ORDER" (hereinafter "Confidential Material").

   4. Confidential Material shall be used by FSN solely for purposes of this litigation, shall not be used by FSN for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by FSN to anyone other than those set forth in Paragraph 5, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court.  It is, however, understood that counsel for FSN may give advice and opinions to FSN solely relating to the above-captioned action based on his or her evaluation of Confidential Material, provided that such advice and opinions shall not reveal the content of such Confidential Material except by prior written agreement of counsel for the Parties, or by Order of the Court.

   5. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel for FSN (herein defined as any attorney at FSN's outside law firms);

    b. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    c. In-house counsel for FSN and/or Wind River Holdings, L.P., provided that such counsel is disclosed to FSMG, and such in-house counsel's administrative assistants who subscribe to agreement attached hereto as Attachment A;

    d. The Court and court personnel, in the manner prescribed by Paragraph 14 hereof;

    e. Any deponent may be shown or examined on any Confidential Material if it appears that the witness authored or received a copy of it, was personally involved in the subject matter described therein or is employed

        by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

    f. Executives, officers, directors, and other employees of FSN, to the extent that such disclosure is necessary to assist in the conduct of this litigation who subscribe to agreement attached hereto as Attachment A.

6. Confidential Material shall be used only by individuals permitted access to it under Paragraph 5. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for FSMG waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions that involve a disclosure of FSMG's Confidential Material, FSMG shall inform FSN either at the time of the deposition or within five (5) days after receipt of the deposition transcript that portions of the transcript are to be designated as Confidential Material, which period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5 and the deponent during these five (5) business days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5 during said five (5) business days. Upon being informed that certain portions of a deposition are to be designated as Confidential Material, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

8. **<u>Attorneys' Eyes Only Material</u>**: FSMG shall have the right to designate as "CONFIDENTIAL – ATTORNEY'S EYES ONLY- SUBJECT TO DISCOVERY PROTECTIVE ORDER" and subject to this Order any non-public information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to FSMG or to its business or competitive position vis-à-vis FSN.

FSMG shall mark any information, document, thing, interrogatory answer, admission, pleading, or testimony containing Attorney's Eyes Only Material with the foregoing or similar legend: CONFIDENTIAL – ATTORNEY'S EYES ONLY- SUBJECT TO DISCOVERY PROTECTIVE ORDER (hereinafter "Attorneys' Eyes Only Material"). Attorneys' Eyes Only Material would include but not be limited to identity of FSMG's customers and the identity of any sub-contractors hired to perform work by FSMG.

9. Material produced and marked as Attorneys' Eyes Only Material shall be used by FSN solely for purposes of this litigation, shall not be used by FSN for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by FSN to anyone other than those set forth in Paragraph 10, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties or by Order of the Court. It is, however, understood that counsel for FSN may give advice and opinions to FSN solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only Material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only Material except by prior written agreement of counsel for the Parties or by Order of the Court.

10. Attorneys' Eyes Only Material and the contents of Attorneys' Eyes Only Material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel for FSN (herein defined as any attorney at FSN's outside law firms);

    b. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    c. The Court and court personnel, in the manner prescribed by Paragraph 14 hereof; and

    d. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was personally involved in the subject

matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure.

11. Attorneys' Eyes Only Material shall be used only by individuals permitted access to it under Paragraph 10. Attorneys' Eyes Only Material, copies thereof, and the information contained therein shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for FSMG waives the claim of confidentiality, or (b) the Court orders such disclosure.

12. With respect to any depositions that involve a disclosure of Attorneys' Eyes Only Material of a party to this action, FSMG shall inform FSN either at the time of the deposition or within five (5) business days after receipt of the deposition transcript that portions of the transcript are to be designated Attorneys' Eyes Only, which period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 9 and the deponent during these five (5) business days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 9 above during said five (5) business days. Upon being informed that certain portions of a deposition are to be designated as Attorneys' Eyes Only, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with the provisions set forth herein.

13. **Objection to Designation**: If counsel for FSN objects to a designation as Protected Material hereunder, the following procedure shall apply:

    a. Counsel for FSN shall serve on FSMG a written objection to such designation. Counsel for FSMG shall respond in writing to such objection within five (5) business days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If the written objection expressly refers to this

paragraph and the duty to respond within 5 business days, and no timely written response is made to the objection, then the challenged designation will be deemed to be void. If FSMG makes a timely response to such objection asserting the propriety of the designation, counsel for the Parties shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a designation cannot be resolved by agreement, FSMG shall present the dispute to the Court in accordance with Ariz. L. R. Civ. P. 37.1. FSMG shall have the burden of showing that the designated document should be treated as Protected Material. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

14. **Court Filings and Hearings**: No information designated Confidential or Attorneys' Eyes Only shall be submitted to the Court – including without limitation quoting, attaching, or paraphrasing such information in any pleading, motion, memorandum, or other filing – unless under seal. If FSN desires to submit non-confidential portions of a document designated as Protected Material, FSN shall redact the Protected Material and submit the redacted document to the Court.. Consistent with Ariz. L. R. Civ. P. 5.6(a), nothing in this Order shall be construed as authorizing the filing of materials under seal with the Court in the absence of a separate Order of the Court authorizing the sealing of specific materials. Any motion to seal materials submitted to the Court shall be made pursuant to the provisions of Ariz. L. R. Civ. P. 5.6 and Ariz. L. R. Civ. P. 7.2.

15. **Inadvertent Disclosure**: To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of FSMG's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or

related subject matter. Such inadvertent or unintentional disclosure may be rectified by FSMG's notifying of counsel for FSN in writing that the material should have been designated as Protected Material within a reasonable time after discovery of the inadvertent disclosure. Such notice shall constitute a designation of the information, document or thing as Protected Material under this Order.

16.     **Privileged Material**: When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by FSMG and brought to the attention of FSN, FSN's treatment of such materials shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by FSMG of any claims of privilege or work-product immunity. However, nothing herein restricts the right of FSN to challenge the FSMG's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

17.     Any Party wishing to file a document under seal with the Court shall comply with Ariz. L. R. Civ. P. 5.6.

18.     No information that is in the public domain, which is already known by FSN through proper means, or which is or becomes available to FSN from a source other than FSMG shall be deemed or considered to be Protected Material under this Order.

19.     This Order shall not deprive FSMG of its right to object to discovery by FSN or on any otherwise permitted ground.

20.     This Order is being entered without prejudice to the right of either Party to move the Court for modification or for relief from any of its terms.

21.     This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

22. Should the litigation proceed in this Court beyond jurisdictional discovery, an Amended Stipulated Protective Order discussing the additional topics of the use of Protected Material for dispositive motions and at trial shall be presented by the Parties to the Court.

23. Upon final conclusion of this action, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Protected Material and to destroy, should such source so request, all copies of Protected Material, as well as excerpts, summaries and digests revealing Protected Material; provided, however, that counsel for FSN may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent FSMG requests the return of Protected Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, FSMG shall file a motion seeking such relief.

IT IS SO STIPULATED.

Dated: May 14, 2012

**WOODCOCK WASHBURN LLP**

By: s/Kevin M. Bovard w/permission
Kevin M. Bovard
Nancy Rubner Frandsen
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, PA 19104
nfrandsen@woodcock.com
kbovard@woodcock.com

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

**WEISS & MOY, P.C**

By: s/Kenneth M. Motolenich-Salas
Jeffrey Weiss
Kenneth M. Motolenich-Salas
4204 N. Brown Avenue
Scottsdale, Arizona 85251
jweiss@weissiplaw.com
kmotolenich@weissiplaw.com

Attorneys for Defendant FSMG

Matthew David Kleifield
Robert Charles Ashley
2929 N. Central Ave., Ste. 1700
Phoenix, AZ 85012
mkleifield@lbbslaw.com
rashley@lbbslaw.com

Attorneys for Plaintiff FSN

**IT IS SO ORDERED this 21st day of May, 2012.**

_____
David G. Campbell
United States District Judge

**ATTACHMENT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I,_____, being duly sworn, state that:

1.My address is _____.

2.My present employer is _____and the address of my present employment is,_____.

3.My present occupation or job description is _____.

4.I have carefully read and understood the provisions of the Discovery Protective Order in this case signed by the Court, and I will comply with all provisions of the Discovery Protective Order.

5.I will hold in confidence and not disclose to anyone not qualified under the Discovery Protective Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Material disclosed to me.

6.I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7.No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
[NAME]