Jeffrey Weiss (AZ Bar No. 012012)
jweiss@weissiplaw.com
Kenneth M. Motolenich-Salas (AZ Bar No. 027499)
kmotolenich@weissiplaw.com
WEISS & MOY, P.C.
4204 N. Brown Avenue
Scottsdale, Arizona 85251
Tel: (480) 994-8888
Fax: (480) 947-2663
Attorneys for First Service Maintenance Group Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

First Service Networks, Inc.,

Plaintiff/Counterclaim Defendant

v.

First Service Maintenance Group, Inc.,

Defendant/ Counterclaimant.

No. 2:11-CV-01897-DGC

**DEFENDANT FIRST SERVICE MAINTENANCE GROUP, INC.'S ANSWER AND COUNTERCLAIMS**

(Assigned to the Honorable David G. Campbell)

## ANSWER

Defendant/Counterclaimant First Service Maintenance Group, Inc. ("FSMG"), by and through undersigned counsel, in and for its Answer to Plaintiff/Counterclaim Defendant First Service Networks, Inc.'s ("FSN") Complaint (Doc. No. 1), state and allege as follows:

## JURISDICTION AND VENUE

1. FSMG admits that this is an action brought by FSN arising under Sections 32 and 43 of the Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §§ 1114 & 1125, and under the laws of the State of Arizona.

2. FSMG admits that this Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 & 1125, as well as 28 U.S.C. §§1331, 1332, 1338, and 1367.

3. FSMG admits that venue is proper.

4. FSMG denies the allegations set forth in Paragraph 4.

5. FSMG denies the allegations set forth in Paragraph 5.

**PARTIES**

6. FSMG admits that FSN is a Maryland corporation with a principal place of business in Arizona.

7. FSMG admits that it is a New York corporation with a principal place of business in New York, New York.

**ALLEGED OPERATIVE FACTS**

8. FSMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies the allegations of Paragraph 8.

9. FSMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies the allegations of Paragraph 9.

10. FSMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies the allegations of Paragraph 10.

11. FSMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies the allegations of Paragraph 11.

12. Responding to the allegations of Paragraph 12, FSMG admits that FSN is the purported owner of United States Trademark Registrations bearing numbers 2,737,643 (“the ’643 Mark”) and 2,942,344 (“the ’344 Mark”) (collectively, “the Asserted Marks”).

13. Responding to the allegations of Paragraph 13, FSMG admits that FSN is the purported owner of the ’643 Mark, but denies the remaining allegations set forth in Paragraph 13.

14. Responding to the allegations of Paragraph 14, FSMG admits that FSN is the purported owner of the ’344 Mark, but denies the remaining allegations set forth in Paragraph 14.

15. FSMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15 and on that basis denies the allegations of Paragraph 15.

16. FSMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16 and on that basis denies the allegations of Paragraph 16.

17. Responding to the allegations of Paragraph 17, FSMG admits that it is an industry leader in facilities maintenance with a strong base of local subcontractors which perform work on behalf of FSMG and that these services are advertised through FSMG’s website, 1stmg.com.

18. Responding to the allegations of Paragraph 18, FSMG launched its services in 2009 and registered its website on November 8, 2010, but denies the remaining allegations of Paragraph 18.

19. Responding to the allegations of Paragraph 19, FSMG holds itself out as “1st Service Maintenance” and “First Service Maintenance”, but denies the remaining allegations of Paragraph 19.

20. FSMG denies the allegations of Paragraph 20.

21. FSMG denies the allegations of Paragraph 21.

22. FSMG denies the allegations of Paragraph 22.

**COUNT I: PURPORTED FEDERAL TRADEMARK INFRINGEMENT**

23. FSMG realleges and incorporates herein by reference its responses in all of the preceding paragraphs above as if fully set forth herein, in the same manner that

FSN realleges and incorporates by reference the allegations of all of the preceding paragraphs of the Complaint (Doc. No. 1).

24. FSMG admits that Count I is a cause of action for purported trademark infringement arising under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

25. FSMG admits that to date the Asserted Marks have not been cancelled or revoked, but denies the remaining allegations set forth in Paragraph 25.

26. FSMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 and on that basis denies the allegations of Paragraph 26.

27. FSMG denies the allegations of Paragraph 27.

28. FSMG denies the allegations of Paragraph 28.

29. FSMG denies the allegations of Paragraph 29.

30. FSMG lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30 and on that basis denies the allegations of Paragraph 30.

31. FSMG denies the allegations of Paragraph 31.

32. FSMG denies the allegations of Paragraph 32.

33. FSMG denies the allegations of Paragraph 33.

## COUNT II: PURPORTED TRADEMARK INFRINGEMENT UNDER ARIZONA LAW

34. FSMG realleges and incorporates herein by reference its responses in all of the preceding paragraphs above as if fully set forth herein, in the same manner that FSN realleges and incorporates by reference the allegations of all of the preceding paragraphs of the Complaint (Doc. No. 1).

35. FSMG admits that Count II is a cause of action for purported Arizona state law trademark infringement.

36. FSMG denies the allegations of Paragraph 36.

37. FSMG denies the allegations of Paragraph 37.

38. FSMG denies the allegations of Paragraph 38.

**COUNT III: PURPORTED FEDERAL UNFAIR COMPETITION**

39. FSMG realleges and incorporates herein by reference its responses in all of the preceding paragraphs above as if fully set forth herein, in the same manner that FSN realleges and incorporates by reference the allegations of all of the preceding paragraphs of the Complaint (Doc. No. 1).

40. FSMG admits that Count III is a cause of action for purported federal unfair competition.

41. FSMG denies the allegations of Paragraph 41.

42. FSMG denies the allegations of Paragraph 42.

43. FSMG denies the allegations of Paragraph 43.

44. FSMG denies the allegations of Paragraph 44.

45. FSMG denies the allegations of Paragraph 45.

46. FSMG denies the allegations of Paragraph 46.

**COUNT IV: PURPORTED UNFAIR COMPETITION UNDER ARIZONA LAW**

47. FSMG realleges and incorporates herein by reference its responses in all of the preceding paragraphs above as if fully set forth herein, in the same manner that FSN realleges and incorporates by reference the allegations of all of the preceding paragraphs of the Complaint (Doc. No. 1).

48. FSMG admits that Count IV is a cause of action for purported unfair competition under Arizona law.

49. FSMG denies the allegations of Paragraph 49.

50. FSMG denies the allegations of Paragraph 50.

51. FSMG denies the allegations of Paragraph 51.

**COUNT V: PURPORTED UNJUST ENRICHMENT**

52. FSMG realleges and incorporates herein by reference its responses in all of the preceding paragraphs above as if fully set forth herein, in the same manner that

FSN realleges and incorporates by reference the allegations of all of the preceding paragraphs of the Complaint (Doc. No. 1).

53. FSMG admits that Count V is a cause of action for purported unjust enrichment arising under the common law of Arizona.

54. FSMG denies the allegations of Paragraph 54.

**COUNT VI: PURPORTED CYBERSQUATTING**

55. FSMG realleges and incorporates herein by reference its responses in all of the preceding paragraphs above as if fully set forth herein, in the same manner that FSN realleges and incorporates by reference the allegations of all of the preceding paragraphs of the Complaint (Doc. No. 1).

56. FSMG admits that Count VI is a cause of action for purported cybersquatting brought under 15 U.S.C. § 1125(d).

57. FSMG denies the allegations of Paragraph 57.

58. FSMG denies the allegations of Paragraph 58.

59. FSMG denies the allegations of Paragraph 59.

60. FSMG denies the allegations of Paragraph 60.

61. FSMG denies the allegations of Paragraph 61.

62. FSMG denies the allegations of Paragraph 62.

63. FSMG denies the allegations of Paragraph 63.

**JURY DEMAND**

FSN failed to make a jury demand in its Complaint pursuant to Fed. R. Civ. P. 38, and, as such, has waived a right to a jury trial on any of its purported claims.

**GENERAL DENIAL**

FSMG denies each and every allegation of the Complaint that is not specifically and expressly admitted herein.

**AFFIRMATIVE DEFENSES**

FSMG assert the following affirmative defenses to the Complaint:

First Affirmative Defense – Failure to State a Claim

1. FSMG alleges that the Complaint fails to state a claim on which relief can be granted.

Second Affirmative Defense – Laches

2. FSMG alleges that FSN's claims set forth in the Complaint are barred by the doctrine of laches because FSN unreasonably delayed the commencement of this action, causing prejudice to FSMG.

Third Affirmative Defense – Acquiescence

3. By virtue of FSN's wrongful statements, conduct, agreements, and/or omissions made in the marketplace against FSN, FSN is barred from recovery in this action based on its acquiescence to FSMG's actions.

Fourth Affirmative Defense – Unclean Hands

4. By virtue of FSN's wrongful statements, conduct, agreements, and/or omissions made in the marketplace against FSN, FSN is barred from recovery in this action under the doctrine of unclean hands.

Fifth Affirmative Defense – Estoppel

5. By virtue of FSN's statements, conduct, agreements, and/or omissions, FSN is estopped as to any and all rights which it claims under the facts alleged in the Complaint under the doctrine of estoppel.

Sixth Affirmative Defense – Waiver

6. By virtue of FSN's statements, conduct, agreements, and/or omissions, FSN has waived any and all rights which FSN claims under the facts alleged in the Complaint under the doctrine of waiver.

Seventh Affirmative Defense – No Likelihood of Confusion

7. Each of the purported claims set forth in the Complaint is barred in whole or in part because FSN cannot demonstrate any likelihood that the public will be confused, mistaken, deceived, or misled as to the source of FSMG's services or that

FSMG's services are associated with, or endorsed by, FSN, or as otherwise alleged by FSN in the Complaint.

Eighth Affirmative Defense – Generic Mark

8. The designation "first service" and/or "1st service", when used in connection with the providing of facilities management services, is a common descriptive designation of that category of service and thus is a common and/or generic term widely used in the relevant industry and thus incapable of functioning as a trademark.

Ninth Affirmative Defense – Lack of Secondary Meaning

9. The Asserted Marks are merely descriptive and/or generic and thus lack the requisite secondary meaning, acquired distinctiveness, or inherent distinctiveness to support its claim for trademark infringement.

Tenth Affirmative Defense – Bad Faith

10. FSN's claims were filed in bad faith and/or motived by improper purpose(s) and constitute a wrongful action.

Eleventh Affirmative Defense – Fair Use

11. FSMG's use of the term "first service" or "1st service" in association with its services it makes available describes FSMG's services, was not use as a trademark, and was used in good faith and without intent to infringe on the Asserted Marks or unfairly compete with FSN. As such, FSMG's use is subject to the fair use exception of 15 U.S.C. § 1115(b)(4).

12. Each of the purported claims set forth in the Complaint is barred in whole or in part because use of the designation "first service" and/or "1st service" is a fair use protected by the First Amendment of the United States Constitution.

Twelfth Affirmative Defense - Abandonment

13. FSN's course of action and inaction, over a number of years in which the term "first service" or "1st service" became generic through their widespread use by a

variety of companies, constitutes an abandonment of FSN's trademark rights it may have had in any federal and/or Arizona trademark.

Thirteenth Affirmative Defense – Innocent Use of Mark

14. FSMG began using the term "first service" or "1st service" in association with various services FSMG makes available without knowledge of FSN's use, for a continuous basis, and before FSN's filing of either one or both of the applications with the United States Patent and Trademark Office for the Asserted Marks and, as such, FSMG's use of the term "first service" or "1st service" is subject to the innocent use exception of 15 U.S.C. § 1115(b)(5).

Fourteenth Affirmative Defense – No Damages or Other Losses

15. Each of the purported claims set forth in the Complaint is barred in whole or in part because FSMG's alleged conduct did not actually or proximately cause any of the losses or damages allegedly sustained by FSN.

Fifteenth Affirmative Defense – No Willfulness

16. FSN is not liable for exemplary or enhanced damages because neither FSMG nor any of its officers, directors, or managing agents acted intentionally, wantonly, or willfully to commit any infringing, unfair, tortious, or unlawful acts.

Sixteenth Affirmative Defense – No Bad Faith under Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d))

17. FSMG is not liable for violation of the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) (Section 43(d) of the Lanham Act) for want of bad faith intent to profit from any purported use of the Asserted Marks.

Seventeenth Affirmative Defense – No Registration, Trafficking In, or Use of a Domain Name Identical or Confusingly Similar to the Asserted Marks under Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d))

18. FSMG is not liable for violation of the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) (Section 43(d) of the Lanham Act) since FSMG has not registered, trafficked in, or used any domain name, distinctive at the

time of registration of the domain name, that is identical or confusingly similar to the Asserted Marks.

**COUNTERCLAIMS**

For its Counterclaims against FSN, Counterclaim Plaintiff FSMG alleges as follows:

**Jurisdiction and Venue**

1. These Counterclaims arise under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*. (commonly referred to as the Lanham Act) and Arizona's statutory (A.R.S. § 44-1441 *et seq*.) and common trademark and unfair competition law. This Court has jurisdiction over the subject matter of the federal counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338, as well as the Lanham Act, 15 U.S.C. § 1051 *et seq*., including but not limited to 15 U.S.C. § 1121, as amended. This Court has jurisdiction over the state law counterclaims pursuant to 28 U.S.C. § 1367, as that claim is so related to the federal counterclaims that they form part of the same case or controversy.

2. As FSMG has accused Defendants of infringing United States Trademark Registrations bearing numbers 2,737,643 ("the '643 Mark") and 2, 942,344 ("the '344 Mark") (collectively, "the Asserted Marks"), an actual case or controversy exists between the parties with respect to the alleged trademark rights under the Asserted Marks, the validity and enforceability of the Asserted Marks, and alleged infringement of the Asserted Marks. Accordingly, this Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202.

3. This Court has personal jurisdiction over FSN by virtue of FSN having submitted itself to the jurisdiction of the Court by filing the Complaint. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**Parties**

4. FSMG is a New York corporation with a principal place of business in New York, New York.

5. FSN is a Maryland corporation with a principal place of business in Scottsdale, Arizona.

**Factual Allegations**

6. FSN is the purported owner of the Asserted Marks.

7. Upon information and belief, the terms "first Service" and/or "1st service" are not associated by the public with any particular source, much less with FSN.

8. Upon information and belief, numerous entities offer services that they describe as "first service" and/or "1st service".

9. The registration for the Asserted Marks, and the alleged trademark rights associated therewith, are invalid and unenforceable and subject to cancellation under 15 U.S.C. § 1119 on grounds including but not limited to that the designation "first service" and/or "1st service" is a generic name for all or a portion of the services recited in the registration, namely, technical facilities management services.

10. The registration for the Asserted Marks, and the alleged trademark rights associated therewith, are invalid and unenforceable and subject to cancellation under 15 U.S.C. § 1119 on grounds including but not limited to that the designation "first service" and/or "1st service" is merely descriptive for all or a portion of the services recited in the registration, namely, technical facilities management services.

11. FSMG has not infringed any valid, enforceable federal or state trademark rights of FSN in the Asserted Marks.

12. FSMG has not unfairly competed with FSN in alleged violation of Arizona or federal law.

13. FSN's attempts to monopolize the generic terms "first service" and/or "1st service" have culminated in this legal action, in which it attempts to prevent FSMG from ever using these common descriptive terms for its competing services.

14. A case of real and actual present justiciable controversy exists between FSN and FSMG regarding the validity and enforceability of FSN's alleged trademark rights in the Asserted Marks and FSN's allegations of infringement of such asserted

alleged rights. Such real and actual controversy is of sufficient immediacy and reality to warrant declaratory relief. Given FSN's recent conduct, FSMG is faced with the choice of abandoning its long-standing use of the term "first service" and/or "1st service" in association with various services offered by FSMG, or risking liability

**COUNTERCLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF FEDERAL TRADEMARKS**

15. The allegations of the above paragraphs of these Counterclaims are realleged and incorporated herein by reference.

16. A real and actual present justiciable controversy requiring declaratory relief now exists between FSN and FSMG of sufficient immediacy and reality to warrant declaratory relief.

17. To the extent FSN possesses valid federal trademark rights in the Asserted Marks and so that there will be no controversy clouding FSMG's right to use the term "first service" and/or "1st service" in association with services it makes available, FSMG alleges and seeks a judicial declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that, to the extent FSN's Asserted Marks are valid, FSMG has not infringed, and does not infringe, any alleged trademark rights FSN may have in "First Service" and/or "First Service Networks."

**COUNTERCLAIM II: DECLARATORY JUDGMENT OF NO FEDERAL UNFAIR COMPETITION**

18. FSMG incorporates by reference the above paragraphs of these Counterclaims as though fully set forth herein.

19. A real and actual present justiciable controversy requiring declaratory relief now exists between FSN and FSMG of sufficient immediacy and reality to warrant declaratory relief.

20. FSMG alleges and seeks a judicial declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that FSMG has not unfairly competed with FSN in alleged violation of

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) as alleged by FSN in its Complaint.

**COUNTERCLAIM III: DECLARATORY JUDGMENT OF NO VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (ACPA), 15 U.S.C. § 1125(d) (SECTION 43(d) OF THE LANHAM ACT)**

21. FSMG incorporates by reference the above paragraphs of these Counterclaims as though fully set forth herein.

22. A real and actual present justiciable controversy requiring declaratory relief now exists between FSN and FSMG of sufficient immediacy and reality to warrant declaratory relief.

23. FSMG alleges and seeks a judicial declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that FSMG has not violated the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) (Section 43(d) of the Lanham Act) for want of (i) bad faith intent to profit from any purported use of the Asserted Marks and/or (ii) registration, trafficking in, or use of a domain name, distinctive at the time of registration of the domain name, that is identical or confusingly similar to the Asserted Marks.

**COUNTERCLAIM IV: DECLARATORY JUDGMENT OF FEDERAL TRADEMARK INVALIDITY**

24. FSMG incorporates by reference the above paragraphs of these Counterclaims as though fully set forth herein.

25. A real and actual present justiciable controversy requiring declaratory relief now exists between FSN and FSMG of sufficient immediacy and reality to warrant declaratory relief.

26. FSMG alleges and seeks a judicial declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the Asserted Marks are not valid trademarks and that said marks are invalid and unenforceable, and that FSN's alleged federal trademark rights in and to the "First Service" and/or "First Service Networks" designations are invalid and

unenforceable on the grounds including, but not limited to, genericness and/or mere descriptiveness.

**COUNTERCLAIM V: DECLARATORY JUDGMENT THAT "FIRST SERVICE" AND "1ST SERVICE" ARE GENERIC (15 U.S.C. § 1064(3))**

27. FSMG incorporates by reference the above paragraphs of these Counterclaims as though fully set forth herein.

28. A real and actual present justiciable controversy requiring declaratory relief now exists between FSN and FSMG of sufficient immediacy and reality to warrant declaratory relief.

29. This counterclaim arises from an actual controversy between the parties concerning FSN's right to enforce trademark rights in the designation "first service" and/or "1st service."

30. The designation "first service" or "1st service" is not inherently distinctive because it is a common descriptor for services in various industries, including but not limited to technical facilities management services, class of services for the Asserted Marks.

31. As applied to the services in question, the designation "first service" and/or "1st service" is incapable of acquiring secondary meaning because it is a generic service name for technical facilities management services.

32. Purchasers of services offered under the "first service" and/or "1st service" designation primary understand that such designation does not refer to a specific, exclusive source of the services but instead refers to a service name and category. In other words, consumers' primary understanding of the designation "first service" and/or "1st service" is that it describes services offered in the field of technical facilities management services.

33. For the foregoing reasons, this Court should declare that the designation "first service" and/or "1st service" is generic pursuant to 15 U.S.C. § 1064(3) and incapable of ever acquiring secondary meaning and functioning as a trademark.

**COUNTERCLAIM VI: CANCELLATION OF U.S. REG. NOS. 2,737,643 AND 2,942,344**

34. FSMG incorporates by reference the above paragraphs of these Counterclaims as though fully set forth herein.

35. A real and actual present justiciable controversy requiring declaratory relief now exists between FSN and FSMG of sufficient immediacy and reality to warrant declaratory relief.

36. FSMG seeks an Order of this Court for cancellation of U.S. Trademark Registration Nos. 2,737,643 and 2,942,344 pursuant to 15 U.S.C. § 1119 on the grounds, including but not limited to, that "first Service" and/or "1st service" is a generic designation for and/or merely descriptive of the services set out in the registrations, namely, technical facilities management services, subject to cancellation under 15 U.S.C. § 1119.

**COUNTERCLAIM VII: AMENDMENT OF TRADEMARK REGISTRATIONS**

37. FSMG incorporates by reference the above paragraphs of these Counterclaims as though fully set forth herein.

38. A real and actual present justiciable controversy requiring declaratory relief now exists between FSN and FSMG of sufficient immediacy and reality to warrant declaratory relief.

39. For the foregoing reasons, the designation "first service" and/or "1st service" is generic and the Court should issue an Order to the United States and Patent and Trademark Office to amend the Principal Registration issued under U.S. Trademark Registration Nos. 2,737,643 and 2,942,344 to delete the Section § 2(f) claim as to "first service" and to disclaim that designation.

**COUNTERCLAIM VIII: DECLARATORY JUDGMENT OF STATE TRADEMARK INVALIDITY**

40. FSMG incorporates by reference the above paragraphs of these Counterclaims as though fully set forth herein.

41. A real and actual present justiciable controversy requiring declaratory relief now exists between FSN and FSMG of sufficient immediacy and reality to warrant declaratory relief.

42. FSMG alleges and seeks a judicial declaration that the Asserted Marks are not valid trademarks and that said marks are invalid and unenforceable, and that FSN's alleged Arizona statutory and common law trademark rights in and to the "First Service" and/or "First Service Networks" designations are invalid and unenforceable on the grounds including, but not limited to, genericness and/or mere descriptiveness.

**COUNTERCLAIM IX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF STATE MARKS**

43. FSMG incorporates by reference the above paragraphs of these Counterclaims as though fully set forth herein.

44. A real and actual present justiciable controversy requiring declaratory relief now exists between FSN and FSMG of sufficient immediacy and reality to warrant declaratory relief.

45. To the extent FSN possesses valid Arizona statutory and common law rights in the Asserted Marks and so that there will be no controversy clouding FSMG's right to use the term "first service" and/or "1st service" in association with services it makes available, FSMG alleges and seeks a judicial declaration that FSMG has not infringed, and does not infringe, any alleged Arizona statutory and/or common law trademark rights FSN may have in "First Service" and/or "First Service Networks".

**COUNTERCLAIM X: DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION UNDER ARIZONA STATUTORY OR COMMON LAW**

46. FSMG incorporates by reference the above paragraphs of these Counterclaims as though fully set forth herein.

47. A real and actual present justiciable controversy requiring declaratory relief now exists between FSN and FSMG of sufficient immediacy and reality to warrant declaratory relief.

48. FSMG alleges and seeks a judicial declaration that FSMG has not unfairly competed with FSN in alleged violation of Arizona statutory or common law as alleged by FSN in its Complaint.

**COUNTERCLAIM XI: DECLARATORY JUDGMENT OF NO UNJUST ENRICHMENT**

49. FSMG incorporates by reference the above paragraphs of these Counterclaims as though fully set forth herein.

50. A real and actual present justiciable controversy requiring declaratory relief now exists between FSN and FSMG of sufficient immediacy and reality to warrant declaratory relief.

51. FSMG alleges and seeks a judicial declaration that FSMG has not been unjustly enriched for any of its purported or alleged acts or omissions as alleged by FSN in its Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff FSMG respectfully requests that:

i. FSN take nothing from FSMG by way of the Complaint and the Court dismiss the Complaint with prejudice;

ii. Judgment on the Complaint be entered in favor of FSMG and against FSN;

iii. Judgment be entered, pursuant to 15 U.S.C. § 1119, declaring that FSN's federal trademark Reg. Nos. 2,737,643 and 2,942,344 are invalid and subject to cancellation or, at a minimum, amend the registrations to delete the acquired distinctiveness claim for "first service" and add a disclaimer of the designation "first service";

iv. Judgment on the Counterclaims be entered in favor of FSMG and against FSN that (a) FSMG has not and does not infringe any alleged state or federal trademark rights of FSN in the Asserted Marks; (b) FSN's alleged trademark rights in and to the

designation "First Service" and/or "First Service Networks" are invalid and unenforceable under state and/or federal law; (c) FSMG has not unfairly competed in alleged violation of state and/or federal law; (d) FSMG has not violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (e) FSMG has not been unjustly enriched as alleged in the Complaint; (f) the designation "first service" and "1st service" are generic and incapable of acquiring secondary meaning and functioning as trademarks;

v. FSMG be awarded its attorney's fees pursuant to 15 U.S.C. § 1117 and/or any other federal or state law to which it is entitled to compensation for reasonable attorney's fees;

vi. FSMG be awarded all of its costs and expenses incurred in this action; and

vii. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

FSMG demand trial by jury on all issues related to its Counterclaims which are triable to a jury.

Dated this 15th day of August, 2012.

Respectfully submitted,

WEISS & MOY, P.C

s/ Kenneth M. Motolenich-Salas

Jeffrey Weiss (012012)
Kenneth M. Motolenich-Salas (027499)
4204 N. Brown Avenue
Scottsdale, Arizona 85251
Tel: (480) 994-8888
Fax: (480) 947-2663
jweiss@weissiplaw.com
kmotolenich@weissiplaw.com

Attorneys for Defendant and Counterclaim Plaintiff First Service Maintenance Group, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Matthew D. Kleifield, SB# 011564
mkleifield@lbbslaw.com
Robert C. Ashley, SB# 22335
rashley@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: (602) 385-1072
Facsimile: (602) 385-1051

Nancy Rubner Frandsen, *Pro Hac Vice*
nfrandsen@woodcock.com
Kevin M. Bovard, *Pro Hac Vice*
kbovard@woodcock.com
WOODCOCK WASHBURN LLP
Circa Centre – 12th Floor
2929 Arch Street
Philadelphia, Pennsylvania 19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439

Attorneys for Plaintiff FSN
By: s/ Kenneth M. Motolenich-Salas