Matthew D. Kleifield, SB# 011564
mkleifield@lbbslaw.com
Robert C. Ashley, SB# 22335
rashley@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
2929 North Central Avenue, Suite 1700
Phoenix, Arizona  85012-2761
Telephone: (602) 385-1072
Facsimile: (602) 385-1051
Attorneys for Plaintiff

Nancy Rubner Frandsen, *Pro Hac Vice*
nfrandsen@woodcock.com
Kevin M. Bovard, *Pro Hac Vice*
kbovard@woodcock.com
**WOODCOCK WASHBURN LLP**
Cira Centre – 12th Floor
2929 Arch Street
Philadelphia, Pennsylvania  19104
Telephone: (215) 568-3100
Facsimile: (215) 568-3439
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| First Service Networks, Inc.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>First Service Maintenance Group, Inc.,<br><br>　　　　Defendant. | No. 2:11-CV-01897-DGC<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN**<br><br>(The Honorable David G. Campbell)<br><br><u>Case Management Conference</u><br>Date: October 5, 2012<br>Time:  4:30 PM<br>Courtroom:  603 |

　　　　Pursuant to the Court's August 9, 2012 Order (D.I. 42), and in accordance with Fed. R. Civ. P. 26(f) and 16(c), counsel for the parties, First Service Networks, Inc., ("FSN") and First Service Maintenance Group, Inc., ("FSMG") have conferred and submit this Joint Status Report and Proposed Discovery Plan.

**1.  26(f) CONFERENCE ATTENDEES**

Pursuant to the Court's Order, the parties conferred telephonically on September 25, 2012. Kevin M. Bovard of Woodcock Washburn LLP attended the conference for FSN; attending for FSMG was Kenneth Motolenich-Salas of Weiss & Moy, P.C.

**2.  PARTIES**

Plaintiff: First Service Networks, Inc., which has a majority shareholder, Thunder Basin Corporation.  (*See* Corporate Disclosure Statement, D.I. 3.)

Defendant:  First Service Maintenance Group, Inc.

Both parties are in the business of managing maintenance and repairs for multi-site businesses and facilities.

**3.  STATEMENT OF THE NATURE OF THE CASE**

Plaintiff's Claims:

FSN filed suit against FSMG asserting federal and state law claims for trademark infringement, unfair competition, unjust enrichment, and anticybersquatting.  *See* Complaint, D.I. 1.  These claims concern U.S. Trademarks 2,737,643 (registered July 15, 2003) and 2,942,344 (registered April 19, 2005), both of which are owned by FSN.  *Id.*

| Trademark | Registration Number | Registration Date | Goods/Services |
| --- | --- | --- | --- |
| FIRST SERVICE NETWORKS | 2,737,643 | July 15, 2003 | (Int. Cl. 35) Technical facilities management services. |
| FIRST SERVICE NETWORKS & DESIGN  First Service Networks | 2,942,344 | April 19, 2005 | (Int. Cl. 35) Technical facilities management services. |

FSN alleges continuous use of these Marks since their registration dates, and that these Marks are thus incontestable pursuant to 15 U.S.C. §1065.  *Id.*

FSN contends that FSMG is infringing on its registered trademarks by using marks incorporating the words "First Service," "1st Service," "1st Service Maintenance," and

1 | "First Service Maintenance Group, Inc." *Id.*

2 | <u>Defendant's Response to Plaintiff's Claims:</u>

3 | Defendant contends in its Answer that Plaintiff cannot demonstrate any likelihood that the public will be confused, mistaken, deceived, or misled as to the source of Defendant's services or that Defendant's services are associated with or endorsed by Plaintiff. (D.I. 45.) Moreover, Defendant asserts that the Plaintiff's marks are generic and/or lack any secondary meaning, inherent distinctiveness, or acquired distinctiveness and thus are not entitled to trademark protection. In addition, Defendant asserts various affirmative defenses, including, inter alia, fair use pursuant to 15 U.S.C. 1115(b)(4), innocent use of mark pursuant to 15 U.S.C. 1115(b)(5), no bad faith intent to profit from registration or use of its website, no registration or use of any website that is identical or confusingly similar to any of Plaintiff's marks, no damages or harm suffered by Plaintiff, and no willfulness on the part of Defendant in taking any of the alleged actions.

<u>Defendant's Counterclaims</u>:

In addition to responding to Plaintiff's claims, Defendant, in its Answer, asserts counterclaims of (1) Declaratory Judgment of Non-infringement of Federal Trademarks, (2) Declaratory Judgment of No Federal Unfair Competition, (3) Declaratory Judgment of No Cybersquatting, (4) Declaratory Judgment of Federal Trademark Invalidity, (5) Declaratory Judgment of Genericness, (6) Cancellation of Plaintiff's Marks, (7) Amendment of Trademark Registrations, (8) Declaratory Judgment of State Trademark Invalidity, (9) Declaratory Judgment of Non-infringement of State Marks, (10) Declaratory Judgment of No Arizona Unfair Competition, and (11) Declaratory Judgment of No Unjust Enrichment. *See* Answer, D.I. 45.

<u>Plaintiff's Response to Defendant's Counterclaims:</u>

FSN contends that Counterclaims 4-7 are improper as a matter of law, and that Counterclaims 4-8 fail to meet the pleading standards set forth by the Supreme Court in *Iqbal* and *Twombly*. FSN filed a Motion to Dismiss Counterclaims 4-8 from Defendants' Answer, which motion is currently pending before the Court. *See* D.I. 47. Irrespective of

1  FSN's Motion to Dismiss, FSN asserts that none of FSMG's counterclaims has merit.

2  **4.    JURISDICTIONAL BASIS FOR THE CASE**

3  This is an action arising under Sections 32 and 43 of the Trademark Act of 1946, as
4  amended, commonly known as the Lanham Act, 15 U.S.C. §§ 1114, 1125, and under the
5  laws of the State of Arizona. This Court has jurisdiction over the subject matter of this
6  action pursuant to 15 U.S.C. §§1121 and 1125, as well as 28 U.S.C. §§1331, 1332, 1338,
7  and 1367 because it involves substantial claims arising under the Lanham Act (15 U.S.C. §
8  1051 *et seq*.). Additionally, the Court has determined that its exercise of personal
9  jurisdiction over Defendant FSMG is proper. *See* Order Denying Motion to Dismiss,
10 D.I. 41.

11 **5.    SERVICE ON DEFENDANT**

12 FSMG, the sole Defendant in this action, was served on Jan. 12, 2012. *See*
13 Affidavit of Service, D.I. 12.

14 **6.    ADDITIONAL PARTIES**

15 Neither FSN nor FSMG anticipates joining additional parties at this time, but agree
16 that any additional parties should be joined by November 2, 2012.

17 **7.    EXPEDITED TRIAL**

18 The parties do not elect to participate in the Expedited Trial Alternative. Counsel
19 for Defendant and Plaintiff certify that they discussed the expedited trial option, including
20 the potential cost savings of an expedited trial, with their clients, as required in the Order
21 Setting Rule 16 Case Management Conference. (D.I. 42 at ¶ B.) Despite declining this
22 option, the parties do request an early Settlement Conference with a Magistrate Judge, as
23 discussed *infra*.

24 **8.    CONTEMPLATED MOTIONS**

25 Currently pending before the Court is FSN's Motion to Dismiss FSMG's
26 Counterclaims (D.I. 47). At present, the only additional motions anticipated by the parties
27 are summary judgment motions after the close of discovery, with the parties reserving the
28 right to file motions in limine if there is good cause for such motions.

### 9. MAGISTRATE JUDGE

The parties believe this case is suitable for referral to a U.S. Magistrate Judge for an early settlement conference. The parties agree that such settlement conference would be appropriate within the first two months of fact discovery. The parties decline referral of this case to a U.S. Magistrate Judge for trial.

### 10. RELATED CASES

There are no pending cases in this Court or elsewhere related to this matter.

### 11. DISCLOSURE & DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The parties have taken steps to preserve relevant electronically stored information. ("ESI"). The parties agree that during fact discovery, ESI shall be subject to search and review in the context of responding to requests for production of documents and interrogatories. The parties will work to negotiate an agreeable form of production for electronic information. The parties will negotiate the terms of a stipulated Protective Order that is necessary due to the confidential technical and business information that will be exchanged in this action. The parties expect in the near future to present to the Court a proposed form of stipulated order for the Court's consideration.

### 12. CLAIMS OF PRIVILEGE OR WORK PRODUCT

FSN and FSMG agree that, upon making a claim of privilege as a basis for withholding or redacting any document, the withholding party shall produce an appropriate privilege log identifying such document(s).

As noted, the parties will negotiate the terms of a stipulated Protective Order. Such Protective Order shall include a provision that any inadvertently produced, privileged documents shall not constitute a waiver of any applicable privilege in this action. The producing party must notify the receiving party in writing immediately upon discovering that the document was inadvertently produced; the receiving party shall then, within five (5) days, destroy all copies of the inadvertently produced document, unless the receiving

party intends to immediately challenge such claim of privilege.  The parties agree that the foregoing provision does not preclude any party from contesting the claim of privilege.

### 13. FED. R. EVID. 502(d) ORDER

The parties intend to submit a stipulated Protective Order that includes a provision governing inadvertent disclosure of privileged documents, as anticipated by Fed. R. Evid. 502(d).

### 14. DISCOVERY PLAN

#### A. Extent, nature, and location of discovery

The parties anticipate conducting discovery into all allegations raised in the Complaint, including but not limited to:

1. the selection, registration, and use of the parties' trademarks and business names at issue in the Complaint;
2. the selection, registration, and use of the http://www.1stmg.com domain;
3. the nature of the parties' businesses;
4. likelihood of confusion relating to Plaintiff's Marks and FSMG's use of the "First Service" name;
5. instances of actual confusion relating to Plaintiff's Marks and FSMG's use of the "First Service" name;
6. damages incurred as a result of the acts raised in Plaintiff's Complaint.

The parties also anticipate conducting discovery into the allegations raised in FSMG's counterclaims, to the extent such counterclaims are not dismissed, including but not limited to the validity of Plaintiff's Marks.  (*See* D.I. 45, 47.)

The parties will reasonably cooperate in scheduling dates and locations for depositions.

    **B.**    **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure**

None.

    **C.**    **The number of hours permitted for each deposition.**

Seven (7) hours per fact deposition.

**15.   INITIAL DISCLOSURES**

Initial Disclosures will be served on or before October 9, 2012.

**16.   DISCOVERY DEADLINE**

    a.    Fact discovery should be completed by April 5, 2013.

    b.    Expert disclosures pursuant to Rule 26(a)(2) should be made by May 3, 2013, on any issues for which a party will bear the burden of proof. Rebuttal expert disclosures, limited to responding to opinions set forth in initial expert disclosures, shall be made by June 7, 2013.

    c.    Expert Discovery, including expert depositions, should be completed by July 12, 2013.

    d.    The parties shall engage in good faith settlement talks on or before December 21, 2012

    e.    Dispositive motions shall be filed on or before August 16, 2013.

**17.   JURY TRIAL**

Both parties have demanded a jury trial on all issues that are triable by jury. The parties estimate that three trial days will be required for trial.

**18.   SETTLEMENT**

The parties request an early settlement conference with a U.S. Magistrate Judge.

**19.   OTHER MATTERS**

None.

DATED this 28th day of September, 2012.

**WOODCOCK WASHBURN LLP**

By <u>  s/ Kevin M. Bovard          </u>
     Nancy Rubner Frandsen
     Kevin M. Bovard
     Cira Centre, 12th Floor
     2929 Arch Street
     Philadelphia, PA 19104
     (215)-568-3100
     *Attorneys for Plaintiff*

**WEISS & MOY, P.C.**

By <u> s/ Ken Motolenich –Salas (w/ permission)</u>
     Kenneth Motolenich-Salas
     4204 N. Brown Avenue
     Scottsdale, AZ 85251
     (480)-994-8888
     *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2012, I electronically transmitted this document to the Clerk's office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

HONORABLE DAVID G. CAMPBELL
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 623
401 West Washington Street, SPC 58
Phoenix, Arizona 85003-2156

Kenneth M. Motolenich-Salas, Esq.
Jeffrey Weiss, Esq.
WEISS & MOY, P.C.
4204 N. Brown Avenue
Scottsdale, Arizona 85251
kmotolenich@weissiplaw.com
jweiss@weissiplaw.com
*Attorneys for Defendant First Service Maintenance Group Inc.*

Matthew D. Kleifield, Esq.
Robert C. Ashley, Esq.
Lewis Brisbois Bisgaard & Smith LLP
2929 N. Central Ave., Ste. 1700
Phoenix, AZ 85012
mkleifield@lbbslaw.com
rashleyy@lbbs.com
*Attorneys for Plaintiff First Service Networks, Inc.*


 s/  Kevin M. Bovard