**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Service Networks, Inc., | No. CV-11-01897-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| First Service Maintenance Group, Inc., | |
| Defendant. | |

Before the Court is First Service Networks, Inc.'s ("FSN" or "Plaintiff") motion to dismiss counterclaims IV, V, VI, VII, and VIII for failure to state a claim. Doc. 47. First Service Maintenance Group, Inc. ("FSMG" or "Defendant") filed a response (Doc. 53) and Plaintiff filed a reply (Doc. 57). No party has requested oral argument. For the reasons that follow, the Court will deny in part and grant in part Plaintiff's motion to dismiss the counterclaims.

**I.   Background.**

On September 27, 2011, FSN filed suit against FSMG for trademark infringement, unfair competition, unjust enrichment, and anticybersquatting. Doc. 1. The claims are based on U.S. Trademarks 2,737,643 and 2,942,344 which are both owned by FSN. *Id*. ¶ 12. In its answer to the complaint, FSMG raised multiple counterclaims, five of which assert that the registered trademarks are invalid (Counterclaims IV-VIII). Doc. 45 at 13-16. Plaintiff moves to dismiss each of the counterclaims that assert that the trademarks are invalid. Doc. 47.

## II. Legal Standard.

A defendant's counterclaims are held to the same pleading standard as a plaintiff's complaint. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When analyzing a complaint or counterclaim for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and they are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. Analysis.

Defendant consents to dismissal of counterclaim VII with prejudice. Doc. 53 at 7, n. 2. Defendant also concedes that the marks are incontestable pursuant to 15 U.S.C. § 1065, and that their validity can no longer be challenged as "merely descriptive." Doc. 53 at 7, n. 1; 15; *see Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1135 (9th Cir. 2006); *Park'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189 (1985). Defendant maintains, however, that the marks are generic. Doc. 53 at 4 ("However, each counterclaim for which FSN has requested dismissal also asserts genericness as grounds for invalidity.") (emphasis removed).

Trademarks generally identify the source of goods or services, but generic marks "refer[] to the genus of which the particular product is a species" and therefore are not source-identifying. *Park'N Fly, Inc.*, 469 U.S. at 194. "To determine whether a term [is] generic, we look to whether consumers understand the word to refer only to a particular producer's goods or whether the consumer understands the word to refer to the goods themselves . . . Whether a mark is generic is a question of fact." *Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 929 (9th Cir. 2005). An otherwise

incontestable mark may be challenged on the ground that it has become generic. 15 U.S.C. § 1064(3); 15 U.S.C. § 1115(b).

Because the classification of a mark as generic is based on how the purchasing public for the particular service or good perceives the mark, FSMG argues that their allegations that the marks are generic present questions of fact that must be resolved by a fact finder. Doc. 53 at 8. FSN counters that merely asserting the marks are generic, without additional allegations, fails the pleading standard in *Twombly*. Doc. 57 at 4.

FSMG alleges that "'first service' and/or '1st service' are not associated by the public with any particular source" and that "numerous entities offer services that they describe as 'first service' and/or '1st service.'" Doc. 45 ¶¶ 7-8. They also allege that FSN's marks are generic names "for all or a portion of the services recited in the registration, namely, technical facilities management services," and that "purchaser[s] of services offered under [the marks] . . . understand that such designation does not refer to a specific, exclusive source of the services but instead refers to a service name and category." *Id.* ¶¶ 9-10, 32.

Accepting these allegations as true, as the Court must on a motion to dismiss, the Court finds them sufficient to support FSMG's counterclaims. If the general public and specific consumers believe the marks are generic names for the kinds of services that both FSN and FSMG provide, as FSMG has alleged, then FSMG will succeed in its claims.

**IT IS ORDERED** that Plaintiff's motion to dismiss Defendant's counterclaims (Doc. 47) is **granted** with respect to claim VII and **denied** with respect to the remaining counterclaims**.**

Dated this 21st day of November, 2012.

_____
David G. Campbell
United States District Judge

- 3 -